1  Daniel Azizi, Esq.; State Bar No. 268995
   Igor Fradkin, Esq.; State Bar No. 299491
2  **DOWNTOWN L.A. LAW GROUP**
3  601 N. Vermont Ave.
   Los Angeles, CA  90004
4  Tel: (213)389-3765
   Fax: (877)389-2775
5  Email: Igor@downtownlalaw.com
6
7  Attorneys for Plaintiff, MONICA BEE
8
9        SUPERIOR COURT OF THE STATE OF CALIFORNIA
10             COUNTY OF LOS ANGELES – CENTRAL DISTRICT
11

| | |
|---|---|
| 12  MONICA BEE, an individual, | Case No.: 21STCV23228 |
| 13             Plaintiff, | |
| 14        v. | **PLAINTIFF MONICA BEE'S RESPONSES TO DEFENDANT WALMART INC.'S SPECIAL INTERROGATORIES, SET ONE** |
| 15  WALMART, INC., a Delaware corporation; RICH DOE, an individual, and DOES 1-25, inclusive, | |
| 16 | |
| 17 | |
| 18             Defendants. | |
| 19 | |
| 20 | |

21  **PROPOUNDING PARTY:**  Defendant WALMART INC.
22  **RESPONDING PARTY:**    Plaintiff MONICA BEE
23  **SET NUMBER:**          ONE (1)
24        COMES NOW Plaintiff MONICA BEE and answers, objects, and otherwise responds to
25  Defendant WALMART INC.'s Special Interrogatories, Set One, pursuant to California *Code of*
26  *Civil Procedure* Section 2030.010, *et seq.,* as follows:
27        Plaintiff has not completed investigation of the facts relating to this case, has not
28  completed discovery in this action, and has not completed preparation for trial.  The responses

contained herein are based only upon such information and documents presently available to and specifically known to Plaintiff and disclose only those contentions which are based upon facts presently known to Plaintiff. It is anticipated that further discovery and investigation will supply additional facts which will, in turn, clarify and add meaning to known facts, as well as to establish entirely new factual matters, all of which will lead to substantial additions to, changes in, and variations from the contentions herein set forth.

The following special-interrogatory responses are given without prejudice to Plaintiff's right to produce evidence of subsequently discovered facts. Plaintiff accordingly reserves the right to amend the responses herein as additional facts are ascertained.

The following responses comprise Plaintiff's good-faith compliance with the spirit of California's Discovery Law.

## GENERAL STATEMENTS AND OBJECTIONS

The following general statements and objections apply to each SPECIAL INTERROGATORY herein:

1. Responding Party objects to each SPECIAL INTERROGATORY to the extent that it would require more of Responding Party than any obligation imposed by law, would subject Responding Party to unreasonable and undue burden and expense, and would seek to impose upon Responding Party an obligation to discover information from third parties equally accessible to Propounding Party.

2. Responding Party objects to each SPECIAL INTERROGATORY to the extent that it seeks information protected by the attorney-client privilege, and the work-product doctrine, or any other applicable privilege or rule of law which protects such information from disclosure.

3. Responding Party's response to each SPECIAL INTERROGATORY is made to the best of Responding Party's knowledge and belief at the present time. Said responses are subject to such additional or different information as discovery or further investigation may disclose and is subject to such refreshing or recollection on the part of Responding Party as may result from further investigation or discovery. Responding Party reserves the right to

make use of further investigation and discovery.  Responding Party reserves the right to make use of, or introduce at any hearing and at trial, subsequently-discovered responsive information not disclosed herewith.

4. Responding Party object to each SPECIAL INTERROGATORY to the extent that it seeks to ascertain whether some part of Responding Party's specials (medical bills) were paid by collateral sources; such requests are irrelevant to the subject matter of this action, not calculated to lead to the discovery of admissible evidence, and are also burdensome, oppressive, and harassing to Responding Party.  *Hrnjak v. Graymar*, 4 Cal.3d 725 (1971).

5. Responding Party object to each SPECIAL INTERROGATORY to the extent the SPECIAL INTERROGATORY invades Responding Party's right of privacy, is overly broad and, therefore, oppressive, burdensome, and irrelevant to the subject matter of this action in that it seeks disclosure of Responding Party's medical history which, except as answered, do not relate to the injuries which are the subject matter of this action. *Britt v. Superior Court*, 20 Cal. 3d 844 (1978).

## RESPONSES TO SPECIAL INTERROGATORIES

**Response to Special Interrogatory No. 1**:

Objection. This request seeks information protected by attorney-client privilege and attorney work-product doctrine. Plaintiff further objects that this request is violative of Plaintiff's constitutionally protected right to privacy under Article I, Section I of the California Constitution.

Objection.  This interrogatory is premature as discovery has just commenced in this matter.  Responding party has not completed investigation of the facts relating to the case and has not fully completed discovery in this action.  Further discovery and investigation may yield additional contentions, facts and witnesses, and identify additional information and documents.

Further, this interrogatory seeks expert witness testimony in advance of the expert witness discovery period.

Furthermore, Plaintiff objects on grounds that the interrogatory is overly broad and harassing in that it seeks to "tie down" the plaintiff's case and limit it to specific contentions, facts and evidence at this early juncture. It is not incumbent upon the plaintiff to reduce an entire lawsuit to written discovery responses. Nor is it possible for plaintiff to exhaustively correlate specific contentions, facts and evidence to each and every paragraph of their pleading. See generally, Singer v. Superior Ct. (1960) 54 Cal.2d 318; Burke v. Superior Ct. (1969) 71 Cal.2d 276.

Subject thereto, Responding Party generally responds as follows:

On January 24, 2020, Plaintiff was on Defendant's premises located near 2100 N Long Beach Blvd., Compton, CA 90221 walking near the bicycle display area, when she slipped on a liquid substance and fell violently to the floor. As a result of the incident, Plaintiff suffered and continues to suffer from pain and injuries to her neck, back, and right shoulder.

Defendant fully and well knew or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of said building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises. By reason of said carelessness, negligence and conscious disregard of the Defendants, and each of them, said premises were unsafe and dangerous to the general public and specifically Plaintiff, Monica Bee.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 2**:

Objection. This request seeks information protected by attorney-client privilege and attorney work-product doctrine. Plaintiff further objects that this request is violative of

Plaintiff's constitutionally protected right to privacy under Article I, Section I of the California Constitution.

Objection. This interrogatory is premature as discovery has just commenced in this matter. Responding party has not completed investigation of the facts relating to the case and has not fully completed discovery in this action. Further discovery and investigation may yield additional contentions, facts and witnesses, and identify additional information and documents.

Further, this interrogatory seeks expert witness testimony in advance of the expert witness discovery period.

Furthermore, Plaintiff objects on grounds that the interrogatory is overly broad and harassing in that it seeks to "tie down" the plaintiff's case and limit it to specific contentions, facts and evidence at this early juncture. It is not incumbent upon the plaintiff to reduce an entire lawsuit to written discovery responses. Nor is it possible for plaintiff to exhaustively correlate specific contentions, facts and evidence to each and every paragraph of their pleading. See generally, Singer v. Superior Ct. (1960) 54 Cal.2d 318; Burke v. Superior Ct. (1969) 71 Cal.2d 276.

Subject thereto, Responding Party generally responds as follows:

Plaintiff, Monica Bee, 286 S Sherera Pl, Compton CA 90220, (310)738-0008 and Plaintiff's counsel.

Inos Hill (Plaintiff's employer at the time of the incident)

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

///
///
///

**Response to Special Interrogatory No. 3**:

Inos Hill (Plaintiff's employer at the time of the incident)

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 4**:

Plaintiff recalls reporting the incident to the manager on duty. However, she did not receive a copy of the incident report.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 5**:

Plaintiff recalls walking near the bike aisle when suddenly and without warning she slipped on a liquid substance and fell to the floor.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 6:**

Plaintiff recalls pushing a shopping cart prior to subject incident.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 7:**

There were not defendant's employees near Plaintiff prior to subject incident.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 8:**

Approximately 20 minutes.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

///

///

**Response to Special Interrogatory No. 9:**

Approximately 1 hour.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 10:**

Plaintiff recalls the substance on the floor was clear liquid. Unknown exact size.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 11:**

Plaintiff was not aware of the dangerous condition prior to the incident.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 12:**

Plaintiff does not recall.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 13:**

There were not warning signs near the dangerous condition.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 14:**

Plaintiff was wearing black moccasins. Plaintiff does not recall exact clothing.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 15:**

Plaintiff was looking forward prior to subject incident.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 16:**

Plaintiff recalls the substance on the floor was clear liquid. Unknown exact size.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing

**Response to Special Interrogatory No. 17**:

Objection. This request seeks information protected by attorney-client privilege and attorney work-product doctrine. Plaintiff further objects that this request is violative of Plaintiff's constitutionally protected right to privacy under Article I, Section I of the California Constitution.

Objection. This interrogatory is premature as discovery has just commenced in this matter. Responding party has not completed investigation of the facts relating to the case and has not fully completed discovery in this action. Further discovery and investigation may yield additional contentions, facts and witnesses, and identify additional information and documents.

Further, this interrogatory seeks expert witness testimony in advance of the expert witness discovery period.

Furthermore, Plaintiff objects on grounds that the interrogatory is overly broad and harassing in that it seeks to "tie down" the plaintiff's case and limit it to specific contentions, facts and evidence at this early juncture. It is not incumbent upon the plaintiff to reduce an entire lawsuit to written discovery responses. Nor is it possible for plaintiff to exhaustively correlate specific contentions, facts and evidence to each and every paragraph of their pleading. See generally, Singer v. Superior Ct. (1960) 54 Cal.2d 318; Burke v. Superior Ct. (1969) 71 Cal.2d 276.

Subject thereto, Responding Party generally responds as follows:

On January 24, 2020, Plaintiff was on Defendant's premises located near 2100 N Long Beach Blvd., Compton, CA 90221 walking near the bicycle display area, when she slipped on a liquid substance and fell violently to the floor. As a result of the incident, Plaintiff suffered and continues to suffer from pain and injuries to her neck, back, and right shoulder.

Defendant fully and well knew or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of said building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises. By reason of said carelessness, negligence and conscious disregard of the Defendants, and each of them, said premises were unsafe and dangerous to the general public and specifically Plaintiff, Monica Bee.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 18**:

Objection. This request seeks information protected by attorney-client privilege and attorney work-product doctrine. Plaintiff further objects that this request is violative of Plaintiff's constitutionally protected right to privacy under Article I, Section I of the California Constitution.

Objection. This interrogatory is premature as discovery has just commenced in this matter. Responding party has not completed investigation of the facts relating to the case and has not fully completed discovery in this action. Further discovery and investigation may yield additional contentions, facts and witnesses, and identify additional information and documents.

Further, this interrogatory seeks expert witness testimony in advance of the expert witness discovery period.

Furthermore, Plaintiff objects on grounds that the interrogatory is overly broad and harassing in that it seeks to "tie down" the plaintiff's case and limit it to specific contentions, facts and evidence at this early juncture. It is not incumbent upon the plaintiff to reduce an entire lawsuit to written discovery responses. Nor is it possible for plaintiff to exhaustively correlate specific contentions, facts and evidence to each and every paragraph of their pleading. See generally, Singer v. Superior Ct. (1960) 54 Cal.2d 318; Burke v. Superior Ct. (1969) 71 Cal.2d 276.

Subject thereto, Responding Party generally responds as follows:

On January 24, 2020, Plaintiff was on Defendant's premises located near 2100 N Long Beach Blvd., Compton, CA 90221 walking near the bicycle display area, when she slipped on a liquid substance and fell violently to the floor. As a result of the incident, Plaintiff suffered and continues to suffer from pain and injuries to her neck, back, and right shoulder.

Defendant fully and well knew or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of said building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises. By reason of said carelessness, negligence and conscious disregard of the Defendants, and each of them, said premises were unsafe and dangerous to the general public and specifically Plaintiff, Monica Bee.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 19**:

Objection. This request seeks information protected by attorney-client privilege and attorney work-product doctrine. Plaintiff further objects that this request is violative of Plaintiff's constitutionally protected right to privacy under Article I, Section I of the California Constitution.

Objection.  This interrogatory is premature as discovery has just commenced in this matter.  Responding party has not completed investigation of the facts relating to the case and has not fully completed discovery in this action.  Further discovery and investigation may yield additional contentions, facts and witnesses, and identify additional information and documents.

Further, this interrogatory seeks expert witness testimony in advance of the expert witness discovery period.

Furthermore, Plaintiff objects on grounds that the interrogatory is overly broad and harassing in that it seeks to "tie down" the plaintiff's case and limit it to specific contentions, facts and evidence at this early juncture.  It is not incumbent upon the plaintiff to reduce an entire lawsuit to written discovery responses.  Nor is it possible for plaintiff to exhaustively correlate specific contentions, facts and evidence to each and every paragraph of their pleading.  See generally, Singer v. Superior Ct. (1960) 54 Cal.2d 318; Burke v. Superior Ct. (1969) 71 Cal.2d 276.

Subject thereto, Responding Party generally responds as follows:

On January 24, 2020, Plaintiff was on Defendant's premises located near 2100 N Long Beach Blvd., Compton, CA 90221 walking near the bicycle display area, when she slipped on a liquid substance and fell violently to the floor. As a result of the incident, Plaintiff suffered and continues to suffer from pain and injuries to her neck, back, and right shoulder.

Defendant fully and well knew or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of said building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises. By reason of said carelessness, negligence and conscious disregard of the

Defendants, and each of them, said premises were unsafe and dangerous to the general public and specifically Plaintiff, Monica Bee.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 20**:

Objection. This request seeks information protected by attorney-client privilege and attorney work-product doctrine. Plaintiff further objects that this request is violative of Plaintiff's constitutionally protected right to privacy under Article I, Section I of the California Constitution.

Objection. This interrogatory is premature as discovery has just commenced in this matter. Responding party has not completed investigation of the facts relating to the case and has not fully completed discovery in this action. Further discovery and investigation may yield additional contentions, facts and witnesses, and identify additional information and documents.

Further, this interrogatory seeks expert witness testimony in advance of the expert witness discovery period.

Furthermore, Plaintiff objects on grounds that the interrogatory is overly broad and harassing in that it seeks to "tie down" the plaintiff's case and limit it to specific contentions, facts and evidence at this early juncture. It is not incumbent upon the plaintiff to reduce an entire lawsuit to written discovery responses. Nor is it possible for plaintiff to exhaustively correlate specific contentions, facts and evidence to each and every paragraph of their pleading. See generally, Singer v. Superior Ct. (1960) 54 Cal.2d 318; Burke v. Superior Ct. (1969) 71 Cal.2d 276.

Subject thereto, Responding Party generally responds as follows:

On January 24, 2020, Plaintiff was on Defendant's premises located near 2100 N Long Beach Blvd., Compton, CA 90221 walking near the bicycle display area, when she slipped on a liquid substance and fell violently to the floor. As a result of the incident, Plaintiff suffered and continues to suffer from pain and injuries to her neck, back, and right shoulder.

Defendant fully and well knew or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of said building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises. By reason of said carelessness, negligence and conscious disregard of the Defendants, and each of them, said premises were unsafe and dangerous to the general public and specifically Plaintiff, Monica Bee.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 21**:

Plaintiff recalls Inos Hill called a Defendant's employee immediately after the incident took place. Plaintiff reported the incident to the manager on duty.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 22**:

As a result of the injuries sustained during subject incident, plaintiff has not been able to return to work. Plaintiff had a income loss of approximately $24,000 based on her $1200 monthly income prior to subject incident.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 23**:

Plaintiff is nearsighted.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 24**:

Plaintiff was wearing glasses.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 25**:

Plaintiff suffered and continuous to suffer past and future: physical pain/mental suffering/loss of enjoyment of life/disfigurement/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 26**:

Plaintiff suffered and continuous to suffer past and future: physical pain/mental suffering/loss of enjoyment of life/disfigurement/physical impairment/inconvenience/grief/anxiety/humiliation/emotional distress

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 27**:

Loss of income – Approximately $24,000.

Medical expenses - $168,021 +

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 28**:

Medical expenses - $168,021 +

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 29**:

Objection. The interrogatory is overly broad and remote and as such is not calculated to lead to the discovery of information relevant to the subject matter of this action nor is it

calculated to lead to the discovery of admissible evidence. CBS v. Superior Court, 263 Cal. App. 2d 12 (1968).

Subject thereto, Responding Party generally responds as follows:

Plaintiff does not recall.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 30**:

Objection. The interrogatory is overly broad and remote and as such is not calculated to lead to the discovery of information relevant to the subject matter of this action nor is it calculated to lead to the discovery of admissible evidence. CBS v. Superior Court, 263 Cal. App. 2d 12 (1968).

Subject thereto, Responding Party generally responds as follows:

Plaintiff does not recall.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 31**:

Yes.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

**Response to Special Interrogatory No. 32**:

Objection:  This interrogatory violates Plaintiff's right to privacy under the California and U.S. Constitutions.  It is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Objection. The demand is oppressive and burdensome because it is vague, ambiguous, and unintelligible so as to make a response impossible without speculation as to the meaning of the question

///

///

**PLAINTIFF MONICA BEE'S RESPONSES TO DEFENDANT WALMART INC.' SPECIAL INTERROGATORIES, SET ONE**

**Response to Special Interrogatory No. 33**:

Objection: This interrogatory violates Plaintiff's right to privacy under the California and U.S. Constitutions. It is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Objection. The demand is oppressive and burdensome because it is vague, ambiguous, and unintelligible so as to make a response impossible without speculation as to the meaning of the question

**Response to Special Interrogatory No. 34**:

Yes.

Responding Party reserves the right to amend and/or supplement this response, as discovery and investigation are ongoing and continuing.

Dated: October 12, 2021                                             DOWNTOWN L.A. LAW GROUP

*Igor Fradkin*

_____
Igor Fradkin, Esq.
Attorney for Plaintiff
MONICA BEE

# PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 601 N. Vermont Ave, Los Angeles, CA 90004

On October 12, 2021, I served the foregoing document described as: **PLAINTIFF MONICA BEE'S RESPONSES TO DEFENDANT WALMART INC.'S SPECIAL INTERROGATORIES, SET ONE** on said parties in this action as follows:

Bron E. D'Angelo, Esq.
Michael F. Colbert, Esq.
PETTIT KOHN INGRASSIA LUTZ & DOLIN PC
5901 W. Century Blvd. Suite 1100
Los Angeles, CA 90045
Telephone: 310-649-5772
Fax: 310-649-5777
E-mail: bdangelo@pettitkohn.com & mcolbert@pettitkohn.com
Attorneys for Respondent WALMART INC.

☑ BY EMAIL: Pursuant to Rule 12(b) of the California Rules of Court, Appendix I, Emergency Rules Related to COVID-19, I served true and correct copies of the above-listed documents via electronic mail to each email address listed above, and served the documents from my electronic service address, which is Esanchez@DowntownLALaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 12, 2021, at Los Angeles, California.

*Elizabeth Sanchez* (signature)

Elizabeth Sanchez

---

**17**

**PLAINTIFF MONICA BEE'S RESPONSES TO DEFENDANT WALMART INC.' SPECIAL INTERROGATORIES, SET ONE**