Electronically FILED by Superior Court of California, County of Los Angeles on 08/20/2021 02:28 PM Sherri R. Carter, Executive Officer/Clerk of Court, by X. Soto, Deputy Clerk

Bron E. D'Angelo, Esq., SBN 246819
Michael F. Colbert, Esq., SBN 319539
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: bdangelo@pettitkohn.com
       mcolbert@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| MONICA BEE, an individual. | CASE NO.:  21STCV23228 |
| Plaintiff, | |
| v. | **DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT** |
| WALMART INC., a Delaware Corporation; AARON, an individual; and DOES 1-25, inclusive, | |
| Defendants. | Dept.:   29<br>Judge: Murillo, Serena R.<br>Filed:   June 23, 2021<br>Trial:   December 21, 2022 |

COMES NOW WALMART INC. ("Defendant") for its Answer to Plaintiff, MONICA BEE's ("Plaintiff") Original Complaint ("Complaint") on file herein, admits, denies, and alleges as follows:

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Acts of Other Parties)

Defendant alleges that, if Defendant is subjected to any liability by Plaintiff, it will be

1

due in whole or in part to the acts and/or omissions of other parties, or parties unknown at this time, and any recovery obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

### THIRD AFFIRMATIVE DEFENSE

### (Assumption of Risk)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff, with full knowledge of all risks attendant thereto, voluntarily and knowingly assumed any and all risks attendant upon Plaintiff's conduct, including any purported damages alleged to be related thereto and proximately caused thereby.

### FOURTH AFFIRMATIVE DEFENSE

### (Comparative Negligence)

Defendant alleges that Plaintiff was negligent, and otherwise at fault, with regard to the events alleged in the Complaint, and such negligence and fault is the proximate cause of any liabilities or damages Plaintiff may incur. Accordingly, Plaintiff's recovery, if any, should be precluded or reduced in proportion to their negligence and fault.

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

### SIXTH AFFIRMATIVE DEFENSE

### (Exercise of Reasonable Care)

Defendant exercised reasonable care and did not know, and in the exercise of reasonable care could not have known, of the alleged acts or allegations in connection with the conditions which are the subject of the Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

### (Failure of Others to Exercise Reasonable Care)

If Defendant is subjected to any liability herein, it will be due in whole, or in part, to the acts and/or omissions of other defendants or other parties unknown at this time, and any recovery

obtained by Plaintiff should be barred or reduced according to law, up to and including the whole thereof.

### EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Exercise Ordinary Care)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to exercise ordinary and reasonable care on Plaintiff's own behalf and such negligence and carelessness was a proximate cause of some portion, up to and including the whole of, Plaintiff's own alleged injuries and damages, if any, and Plaintiff's recovery therefore should be barred or reduced according to law, up to and including the whole thereof.

### NINTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

### TENTH AFFIRMATIVE DEFENSE

### (Intervening Acts of Others)

The Complaint, and each and every cause of action alleged therein, is barred because the injuries and damages sustained by Plaintiff, if any, were proximately caused by the intervening and superseding actions of others, which intervening and superseding actions bar and/or diminish Plaintiff's recovery, if any, against Defendant.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Notice)

Defendant alleges that it did not have either actual or constructive notice of the conditions, if any, which existed at the time and places mentioned in the Complaint, which

conditions may have caused or contributed to the damages as alleged herein. Said lack of notice prevented Defendant from undertaking any measures to protect against or warn of said conditions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Lack of Particularity)

The Complaint, and each and every cause of action alleged therein, is barred in that Plaintiff failed to particularize the claims in the Complaint, thereby depriving Defendant the ability to ascertain the true bases of Plaintiff's claim, if any, and the law applicable to the claim.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Necessary Parties)

Plaintiff has failed to properly join all parties which are necessary or indispensable to this action in accordance with the California Code of Civil Procedure.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (No Constructive Notice of Dangerous Condition)

The Complaint, and each and every cause of action alleged therein, is barred by the fact that Defendant did not have constructive notice of the allegedly unsafe conditions on the premises.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Obvious Danger)

Defendant alleges that Plaintiff failed to exercise reasonable and ordinary care, caution, or prudence for Plaintiff's own safety in order to avoid the alleged accident. The resulting injuries and damages, if any, sustained by Plaintiff were proximately caused and contributed to by the negligence of Plaintiff, in that any possible danger with regard to the accident in question was obvious to anyone using reasonable care.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Reimbursement)

Defendant alleges that any reimbursement, from whatever source, to Plaintiff of the damages alleged must be applied against any liability of Defendant.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Res Judicata/Collateral Estoppel)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrines of res judicata and/or collateral estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Several Liability for Non-Economic Damages)

If Defendant has any liability to Plaintiff in this action, which is denied, it is only severally liable for Plaintiff's non-economic damages under California Civil Code sections 1431.1 and 1431.2, and therefore request a judicial determination of the percentage of its negligence, if any, which proximately contributed to the subject incident.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by all applicable statutes of limitation, including but not limited to, Code of Civil Procedure sections 335.1, 337 and 343.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Uncertainty)

Defendant alleges that the causes of action in the Complaint, and each of them, are uncertain and ambiguous as to Plaintiff's claim for damages against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Waiver)

The Complaint, and each and every cause of action alleged therein, is barred by Plaintiff's waiver.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Additional Defenses)

Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more

specific information concerning the nature of the damage claims and claims for certain costs which Plaintiff alleges that Defendant may share some responsibility. Defendant therefore reserves the right to assert additional defenses upon further particularization of Plaintiff's claims, upon examination of the documents provided, upon discovery of further information concerning the alleged damage claims and claims for costs, and upon the development of other pertinent information.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff takes nothing by way of the Complaint;

2.      That Defendant be awarded costs of suit incurred herein; and

3.      For any and all relief as the Court deems just and proper according to the laws of California.


PETTIT KOHN INGRASSIA LUTZ & DOLIN PC


Dated: August 20, 2021          By: _____
                                     Bron E. D'Angelo, Esq.
                                     Michael F. Colbert, Esq.
                                     Attorneys for Defendant
                                     WALMART INC.

1
2

**PROOF OF SERVICE**
*Monica Bee v. Wal-Mart Stores, Inc.*
**Los Angeles Superior Court Case No. 21STCV23228**

3

I, the undersigned, declare that:

4
5

I am and was at the time of service of the papers herein, over the age of eighteen (18) years and am not a party to the action.  I am employed in the County of Los Angeles, California, and my business address is 5901 W. Century Blvd., Suite 1100, Los Angeles, California 90045.

6

On **August 20, 2021**, I caused to be served the following documents:

7
8

**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

9
10

**[X]**  **BY MAIL:**  By placing a copy thereof for delivery in a separate envelope addressed to each addressee, respectively, as follows:

11
12

**[X]**  **BY FIRST-CLASS MAIL (Code Civ. Proc. §§ 1013(a)-(b))**
[ ]  **BY OVERNIGHT DELIVERY (Code Civ. Proc. §§ 1013(c)-(d))**
[ ]  **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED (Code Civ. Proc. §§ 1013(a)-(b))**

13

14
15
16
17
18

Igor Fradkin, Esq.
DOWNTON L.A. LAW GROUP
601 N. Vermont Ave.
Los Angeles, CA 90004
Tel:    (213) 389-3765
Fax:    (877) 389-2775
Email: Igor@downtownlalaw.com
**Attorneys for Plaintiff**
**MONICA BEE**

19
20
21

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

22
23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on **August 20, 2021**, at Los Angeles, California.

24
25

_____
Chantha Lieng

26
27
28

2354-9445

7