UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08919-RGK-MAR | Date | March 15, 2022 |
|---|---|---|---|
| Title | *Monica Bee v. Walmart Inc. et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**   (IN CHAMBERS) Order Re: Plaintiff's Motion to Remand [DE 12]

## I.   INTRODUCTION

On June 23, 2021, Monica Bee ("Plaintiff") filed a complaint in Los Angeles Superior Court against Walmart Inc. ("Walmart") and an individual identified only as "Aaron" (collectively, "Defendants"), alleging negligence and premises liability. (*See* Notice of Removal, Ex. 1 ("Compl."), ECF No. 1-1.) On August 20, 2021, Walmart filed its answer in state court. On November 12, 2021, Walmart removed the action to this Court. (*See* Notice of Removal, ECF No. 1.)

Presently before the Court is Plaintiff's Motion to Remand. (ECF No. 12.) For the following reasons, the Court **DENIES** Plaintiff's Motion.

## II.   FACTUAL BACKGROUND

On January 24, 2020, Plaintiff visited Walmart's store, where she allegedly slipped and fell on water or a similar substance and sustained injuries. (Compl. ¶ 8.) Plaintiff claims that Defendants were negligent, failed to clean the floors, and did not warn of unsafe conditions, which resulted in her fall. (*Id.* ¶¶ 10, 11.) As a result of her fall, she allegedly required medical treatment. (*Id.*) Plaintiff claims that the manager responsible for the maintenance of the store at the time of her fall was an individual named Aaron. (*Id.* ¶ 3.)

After Walmart filed its answer in state court, it propounded interrogatories on Plaintiff to determine the amount of damages she allegedly suffered. (*See* Notice of Removal, Ex. 4 ("Interrogs."), ECF No. 1-4.) Plaintiff's responses indicated that her medical expenses alone exceeded $168,021. (Notice of Removal, Ex. 5 ("Resps. to Interrogs.") at 14, ECF No. 1-5.) After receiving Plaintiff's responses, Walmart removed the case to this Court on the basis of diversity jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08919-RGK-MAR | Date | March 15, 2022 |
|---|---|---|---|
| Title | *Monica Bee v. Walmart Inc. et al* | | |

### III.   JUDICIAL STANDARD

Pursuant to 28 U.S.C. Section 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts, namely the amount in controversy and complete diversity of the parties. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Where a plaintiff contests a jurisdictional fact, the defendant must establish that fact by a preponderance of evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Courts must "strictly construe the removal statute against removal jurisdiction" and must remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus*, 980 F2d at 566.

### IV.   DISCUSSION

The parties disagree on: (1) whether the individual identified as "Aaron" suffices to destroy complete diversity between the parties; and (2) whether Walmart has sufficiently alleged the amount in controversy. The Court addresses each issue in turn.

#### A.   Diversity of Parties

Plaintiff argues that removal is improper because Walmart has not established complete diversity between the parties. Plaintiff bases her argument on the existence of Defendant Aaron, who she argues is almost certainly a California resident. Plaintiff argues that she has provided the necessary clues in her complaint regarding Aaron's identity, including his position as manager at a California Walmart store, and therefore Aaron should be considered for jurisdictional purposes. (Pl.'s Mot. Remand at 20, ECF No. 12.)  The Court disagrees.

The statute governing removal of cases to federal court states plainly that "in determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, *the citizenship of defendants sued under fictitious names shall be disregarded.*" 28 USC § 1441(b) ("Section 1441") (emphasis added). The only information that Plaintiff has provided about Aaron is his first name and the fact that he allegedly was a Walmart manager on the day of the incident. Plaintiff's conclusory statement that Aaron is a citizen of California because he is employed at a California Walmart store does not absolve Plaintiff of her responsibility to properly name the defendant in the complaint. And, although Aaron *may* be the actual first name of Plaintiff's alleged defendant, the fact remains that Plaintiff does not know Aaron's full identity or any other pertinent information, thus leaving Aaron a fictitious defendant. Moreover, Plaintiff has not taken any further action to ascertain Aaron's identity;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-08919-RGK-MAR | Date | March 15, 2022 |
|---|---|---|---|
| Title | *Monica Bee v. Walmart Inc. et al* | | |

Plaintiff has seemingly propounded no jurisdictional discovery on Walmart, despite Walmart removing this case four months ago. Accordingly, given the plain language of Section 1441, Aaron, as a currently-fictitious defendant, was properly disregarded for purposes of removal.[1]

The only defendant currently properly in the case, Walmart, is a citizen of Delaware and Arkansas. (Notice of Removal ¶15.) Plaintiff is a resident of California. (Compl. ¶1.) Therefore, there is currently complete diversity among the parties.

    **B.**    **Amount in Controversy**

Plaintiff argues that Walmart has not established the amount in controversy required for diversity jurisdiction. Plaintiff contends that in evaluating the amount in controversy, courts look to the complaint, and that her complaint only seeks general damages rather than asserting a specific amount. Therefore, Plaintiff argues that Walmart's calculation of amount in controversy is unfounded. The Court disagrees.

Where the complaint does not demand a specific dollar amount, a removing defendant "bears the burden of proving by a preponderance of evidence" that the amount in controversy exceeds the jurisdictional minimum. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *see also Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996). This requires a defendant to prove the existence of the amount in controversy through "summary-judgment-type" evidence, such as affidavits or declarations. *Singer*, 116 F.3d at 377 (finding that "the court may consider facts in the removal petition" in determining the amount in controversy for removal).

Here, Walmart provided evidence to support that the amount in controversy exceeds $75,000 in the form of Plaintiff's responses to its interrogatories. In Plaintiff's responses, she asserts that the amount in controversy will exceed $75,000. Specifically, she states that she incurred over $168,021 in medical expenses and approximately $24,000 in loss of income. (Resps. to Interrogs. at 14.) California Civil Procedure Code Section 2030.210[2] provides that "the party to whom interrogatories have been propounded shall respond in writing *under oath* . . . ." *See* Cal. Civ. Proc. Code § 2030.210. Given Plaintiff's responses—made under oath—Defendant has satisfied its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000.

---

[1] The Court is aware that there are non-binding district court cases holding that a sufficiently-identified fictional defendant may be considered when analyzing diversity jurisdiction for removal. The Court is unable to reconcile those holdings with the plain language of Section 1441, and therefore declines to follow them.

[2] Walmart's interrogatories were propounded on Plaintiff in state court, prior to removal of the case. Therefore, Plaintiff's responses were governed by the California Code of Civil Procedure at that time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-08919-RGK-MAR | Date | March 15, 2022 |
| Title | *Monica Bee v. Walmart Inc. et al* | | |

Because Walmart has sufficiently alleged the amount in controversy, and because Plaintiff has failed to establish the Aaron is a California citizen, removal is proper.

**V.    CONCLUSION**

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

                                                                                                                                          :
                                                                                              Initials of Preparer