**IGOR FRADKIN, ESQ.- State Bar No. 299491**
**DANIEL AZIZI, ESQ. - State Bar No. 268995**
**DOWNTOWN L.A. LAW GROUP**
601 N. Vermont Ave.
Los Angeles, CA  90004
Tel: (213)389-3765 -
Fax: (877)389-2775
Email: Igor@downtownlalaw.com


Attorneys for Plaintiff
MONICA BEE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BEE, an individual, | Case No.  2:21-cv-08919 RGK(MARx) |
| Plaintiff, | |
| v. | **PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| WALMART, INC., a Delaware corporation; AARON, an individual; and DOES 1-25, inclusive, | |
| Defendants. | Date:    May 25, 2023<br>Time:  10:00 am<br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10D |

1

## **TABLE OF CONTENTS**

2

3

MEMORANDUM OF POINTS & AUTHORITIES ........................................................ 5

4

I.     INTRODUCTION ................................................................................................ 5

5

II.    MOTIONS FOR RECONSIDERATION ........................................................ 5

6

      A.    Law Permitting Reconsideration ........................................................ 5

7

      B.    Facts not Presented in the Original Hearing .................................... 7

8

      C.    Whether a Floor is Properly Maintained is a Question of Fact for

9

            the Jury ..................................................................................................... 9

10

      D.    Notice is Not Required Because Defendant, It's Employees and/or

11

            Agents Created or Contributed to the Creation of the Dangerous

12

            Condition ............................................................................................... 10

13

      E.    Defendant had Constructive and/or Actual Knowledge of the

14

            Condition Prior to Plaintiff's Fall .................................................... 11

15

      F.    Circumstantial Evidence is Admissible to Prove Negligence and

16

            Reasonable Inferences are Permissible ......................................... 12

17

      G.    Constructive Notice is a Question of Fact for the Jury ............... 13

18

III.    CONCLUSION ................................................................................................ 14

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

## <u>TABLE OF AUTHORITIES</u>

2

*Cases*

3

<u>Federal</u>

4

*Browder v. Director*, 434 U.S. 257, 266 (1978).................................................. 6

5

*Coastal Transfer v. Toyota Motor Sales*, 833 F.2d 208 (9th Cir. 1987) ............. 7

6

*McDowell v. Calderon*, 197 F.3d 1253 (9th Cir. 1999) ...................................... 6

7

*School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255 (9th Cir. 1993)......................... 5

8

*United States v. Fiorelli,* 337 F.3d 282 (3d Cir. 2003)..................................... 5, 6

9

10

<u>State</u>

11

*Ahern v. S.H. Kress & Co.* (1950) 97 Cal.App.2d 691...................................... 10

12

*Arundell v. American Oil Fields Co.* (1916) 31 Cal.App. 218 .......................... 13

13

*Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798 ............................................. 10, 12

14

*Jones v. Leonardt* (1909) 10 Cal.App. 284 ............................................... 13, 14

15

*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472 ......................... 13

16

*Ortega v. Kmart Corp.* (2001) 26 Cal. 4th 1200 .................................... 9, 11, 13

17

*Quintal v. Laurel Grove Hospital* (1964) 62 Cal.2d 154 ................................. 13

18

*Rothschild v. Fourth & Market Street Realty Co.* (1934) 139 Cal.App. 625 .................. 10

19

*Tuttle v. Crawford* (1936) 8 Cal.2d 126 ............................................... 9, 11, 12

20

21

*Statutes*

22

<u>Federal</u>

23

Federal Rule of Evidence 59 ........................................................................ 5, 6

24

Federal Rule of Evidence 60 ........................................................................ 6, 7

25

/ /

26

/ /

27

/ /

28

/ /

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**State**

Code Civ. Proc., § 1832.........................................................................13

**Other**

Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial

　　　§ 14:362.1 (2006). ....................................................................7

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS & AUTHORITIES

### I.      INTRODUCTION

Plaintiff believes the decision granting Defendant WALMART's motion for summary judgment was based on an error of fact.  The Court stated in relevant portion of its ruling (Exhibit A), as follows:

> Defendant objects to the expert reports contained in the Barillas Declaration and Balian Declaration on the grounds that the reports were provided on January 20, 2023, and thus were not disclosed in a timely manner. (Supp. Colbert Decl. ¶ 5; Reply at 4-5.) The court's Scheduling Order required initial expert disclosures to be made on or before January 5, 2023, and rebuttal expert disclosures to be made on or before January 19, 2023. (Dkt. 32.) Plaintiff does not sufficiently explain why the reports were untimely. (See generally Dkt.) Because the expert reports were untimely disclosed and Plaintiff does not argue their nondisclosure was substantially justified or harmless, the court does not consider the Barillas Declaration and Balian Declaration in deciding the Motion. See Fed. R. Civ. P. 26(a)(2)(B)(i) (an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them"); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001) (stating "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)"). Therefore, based on the state of the record, as applied to the applicable law, the court SUSTAINS Defendant's evidentiary objections to the Barillas Declaration and Balian Declaration. However, even if the Barillas Declaration and Balian Declaration had been timely, the court finds that the opinions contained in the reports do not create a genuine issue of material fact as to Defendant's actual or constructive notice of the spill..
>
> [ . . .]
>
> The court finds the record does not reflect any evidence of actual notice—in other words, that Defendant knew of the spill. (See, e.g., D. SUF Nos. 10, 11, 13, 14.) The court further finds the record reflects that only five minutes and 47 seconds elapsed between Gisele Ornelas's inspection and the incident. (See, e.g., D. SUF No. 9.) As a matter of law, an

**5**

---

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

approximately five-minute window of time between an inspection and a fall does not constitute a breach of the duty of care. See, e.g., Cardoza, 2018 WL 3357489, at *3; Alacan, 2015 WL 10945603, at *3; Eidem, 2011 WL 3756144, at *9; Calderon, 2013 WL 4401430, at *2. Because Defendant has met its burden of demonstrating a lack of evidence as to actual or constructive notice, the burden shifts to Plaintiff to designate "specific facts showing there is a genuine issue for trial." Celotex, 477 U.S. at 324.

Plaintiff argues, in summary, that summary judgment should not be granted because she believes Walmart employees caused the spill, Walmart's choice of flooring tile contributed to her fall, and employees did not follow internal procedures. (Opp. at 6.) Plaintiff contends Defendant's evidence is "demonstrably false," but does not provide evidence that sufficiently rebuts or undermines Defendant's evidence. (Id.) Plaintiff also points to her deposition testimony in which she testified that after her fall, a Walmart employee said, "I'm sorry" and "We should have cleaned it up." (P. SUF No. 2.) Plaintiff argues this statement implies that "one, if not more, employees had spotted the substance and did not follow procedure." (Opp. At 20.)

The court finds Plaintiff has not met her shifted burden to demonstrate a genuine issue of material fact as to whether Defendant had actual or constructive notice of the alleged hazardous condition. The evidence cited to by Plaintiff—namely, her deposition testimony—does not lead to the reasonable inference that Defendant admitted to knowledge of the spill. The court observes that in Plaintiff's deposition, Plaintiff herself describes this inference as speculation. (See Supp. Colbert Decl. ¶ 2, Exh. 6 at 93:2-5) ("Q: So you're speculating that when she said, 'We should have cleaned it up,' that she actually knew about it before your incident? A: Yes."). The court finds that Plaintiff's speculative testimony regarding Defendant's actual or constructive notice does not defeat summary judgment here. See Anheuser-Busch, Inc. v. Nat. Beverage Distributors, 69 F.3d 337, 345 (9th Cir. 1995) ("[C]onclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.").

## II.  MOTIONS FOR RECONSIDERATION

### A.    Law Permitting Reconsideration

A district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule

6

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

60(b) (relief from judgment), as appropriate. *School Dist. No. 1J v. AC&S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Rule 59(e) authorizes a motion to alter or amend a judgment. A Rule 59(e) motion must be filed no later than 28 days after the entry of the judgment. This is a strict time limit, and the court has no authority to grant more time. See Fed. R. Civ. 6(b); *United States v. Fiorelli*, 337 F.3d 282 (3d Cir. 2003). A motion for reconsideration under Rule 59(e) can be filed for almost any reason. As the court said in *Fiorelli*, supra at 338, Rule 59(e) is a "device to relitigate the original issue decided by the district court, and used to allege error." The following are a few grounds for relief that may be brought under Rule 59(e):

- Errors of law or fact in the court's decision. See *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)( banc)(Rule 59(e) is available to "correct manifest errors of law or fact upon which the judgment is based.").

- Errors of procedure or evidence. See *Browder v. Director*, 434 U.S. 257, 266 (1978)(erroneous denial of hearing is a proper claim brought under Rule 59(e)).Rule 59, Rule 60

- Clerical mistakes. See Fed. R. Civ. P. 60(a); Advisory Committee Note to Fed. R. Civ. P. 60 (any Rule 60 ground for relief may also be brought under Rule 59(e)).

- Mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, any factor rendering the judgment void, and any other reason that justifies relief. See Fed. R. Civ. P. 60(b); Advisory Committee Note to Fed. R. Civ. P. 60 (any Rule 60 ground for relief may also be brought under Rule 59(e)).

- Any reason for which a rehearing has been granted in a suit in equity in federal court. See Fed. R. Civ. P. 59(a)(l)(B).

Rule 60 permits a motion for relief from a judgment to be filed after the 28 day timeframe for filing a Rule 59(e) motion has run. Specifically a movant may, within

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

one year, file a Rule 60(b) motion for relief from judgment on the grounds of (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that, through the exercise of reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59; or (3) fraud, misrepresentation or misconduct by the opposing party. See Fed. R. Civ. P. 60(b)(1)-(3), (c)(1). Rule 60 also permits the movant to, within a "reasonable time," file a 60(b) motion for relief from judgment on the grounds that (4) the judgment is void; (5) the judgment has been satisfied, is based on an earlier judgment that has been vacated, or applying the judgment prospectively would not be equitable; or (6) any other reason that justifies relief. See Fed. R. Civ. P. 60(b)(4)-(6), (c)(1).

A motion for reconsideration of an order granting summary judgment is treated similarly to a motion for a new trial, requiring evidence or argument that could not have been presented earlier. See Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial § 14:362.1 (2006). Moreover, the evidence must be of such magnitude that production of it earlier would have been likely to change the disposition of the case. *Coastal Transfer v. Toyota Motor Sales*, 833 F.2d 208, 210 (9th Cir. 1987).

### B.    Facts not Presented in the Original Hearing

First, the Court speculates and makes inferences not support by evidemce that Walmart's employee inspected the area twice prior to the slip and fall.  The video does not conclusively support his conclusion.  Just as the Court states that Plaintiff's testimony that an employee admitted to having said "Sorry" and "It should have been cleaned up" as speculative, the supposition that this employee actually inspected the area and did not merely walk through the area is speculative.

Further, Plaintiff identifies new evidence as follows:

Deposition of Ornelas:
Page 19:
Q. Right. So my question isn't generally
14 speaking, it's specifically. For example --
15 A. Yes.
16 Q. -- do you remember how many times you walked
17 through the area where the incident occurred the next
18 day, for example, January 25th, 2020?

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

19 MR. COLBERT: Objection. Vague and ambiguous.
20 Calls for speculation.
21 Go ahead.
22 THE WITNESS: How many times? **No, I do not**
**23 remember.**

Page 21
3 THE WITNESS: Can you ask that again?
4 BY MR. FRADKIN:
5 Q. Sure. So besides what you saw in the video,
6 do you remember, as you sit here today, actually walking
7 through the area where the incident occurred twice on
8 January 24, 2020?
9 MR. COLBERT: Objection. Vague and ambiguous.
10 Asked and answered.
11 Counsel, the question is akin to asking
12 besides what you saw with your eyes, do you recall what
13 you saw?
14 MR. FRADKIN: There's no speaking objections.
15 State your objections, and then we can go on.
16 MR. COLBERT: Go ahead.
17 THE WITNESS: **Besides the video, no.**
[. . .]
20 According to your declaration at 10:56:28 you
21 walked over the area where the incident occurred and
22 inspected the floor. Do you know if at any point before
23 10:56:28 on that day you had walked through that area?
24 MR. COLBERT: Objection. Vague and ambiguous.
25 Calls for speculation.
Page 22
1 Go ahead and answer if you recall.
2 THE WITNESS: If I walked before 10:56?
3 BY MR. FRADKIN:
4 Q. Right.
5 A. **Do I remember**?
6 Q. Yes. That's the question.
7 A. **No**.
8 Q. Okay. At 10:56:28 where were you coming from
9 and where were you going?
10 MR. COLBERT: Objection. Vague and ambiguous.
11 THE WITNESS: I was coming from the back room. I
12 was stocking on the sales floor, and **I assume** I went to
13 the back room. But from that, **I don't remember.**

---

**9**

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S**
**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

2

Page 23

3

4        5 Q. Were you carrying anything as you were
         6 walking from the back room to your department?
5        7 MR. COLBERT: Objection. Vague and ambiguous.
         8 Calls for speculation.
6        9 Go ahead.
         10 THE WITNESS: I was pulling a cart.
7        11 BY MR. FRADKIN:
         12 Q. Okay. And then it says, according to your
8        13 declaration, about a minute later you walked through the
         14 area where this incident occurred again; is that
9        15 correct?
         16 A. Correct.
10       17 Q. And was that going back to the back room?
         18 MR. COLBERT: Objection. Vague and ambiguous.
11       19 Calls for speculation.
         20 THE WITNESS: I went back to grab my cart, **and I**
12       **21 assume** I went to the back room from there.

13

14

15       Ms. Ornelas has no independent recollection of walking through the area on

16  the date of the accident.  Much her testimony regarding the date of the incident is an

17  "assumption."  She only knows she walked through twice because of her review of

18  the video.  She, therefore, has no actual recollection of inspecting the floor way in the

19  two times she walked through the area.  Habit of doing so is not the same as actually

20  recalling doing so.  However, the video shows her pulling a cart through the area, not

21  looking at the floor. If the Court is going to argue in support of its ruling that

22  Plaintiff's evidence of notice is flimsy as it is based upon Plaintiff's recollection of

23  being told by an employee they were sorry and that the spill should have been cleaned

24  up is not strong enough, then that same can be said for Defendant's assertion that Ms.

25  Ornelas inspected the area twice.  The evidence supporting she inspected it is just was

26  speculative.  But what we do know is that withing five to ten minutes before the

27  incident, Mr. Ornelas was in the area of the fall and should have inspected the floor

28  and noted the spill.  The fact that an employee was in the area twice prior to the slip

and fall and has no actual recollection of inspecting the area other than, she must have

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

because she usually did, is not enough for the Court to find there is no dispute of that material fact.  As such, it was improper to grant summary judgment on this matter.

Furthermore, Ms. Ornelas deposition contradicts her declaration enough that the declaration should be considered a "sham affidavit." "In order to trigger the sham affidavit rule, the district court must make a factual determination that the contradiction is a sham, and the 'inconsistency between a party's . . . testimony and subsequent affidavit must be clear and unambiguous to justify striking the affidavit." *Yeager v. Bowlin*, 693 F.3d 1076, 1080 (9th Cir. 2012).  Taken in context, it is clear and unambiguous that Ms. Ornelas does not have any actual recollection and is assuming most, if not all, of the matters contained in her affidavit.

Additionally, at least one other female employee was potentially walking in the area prior to the incident who could reasonably have been the person who told plaintiff she was sorry and she should have cleaned up the slip prior to the incident.

Deposition of Ornelas:
Page 30
20 Q. Do you know when before 10:26:28 any other
21 WalMart employee had walked through the area where the
22 incident occurred?
23 MR. COLBERT: Objection. Vague and ambiguous.
24 Calls for speculation.
25 Go ahead and answer if you know.
Page 31
1 THE WITNESS: No. I only know from the video I
2 seen Tania.
3 BY MR. FRADKIN:
4 Q. And -- and so in the video did you see Tania
5 walk through the area before you did?
6 MR. COLBERT: Objection. Vague and ambiguous.
7 Go ahead and answer if you recall.
8 THE WITNESS: I don't recall.

Given that Ms. Ornelas has no actual recollections outside of viewing a video of what she did or did not do, the fact she parked a cart in the vicinity of the incident when she went to help a customer, that she moved the cart, that at least one other

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

female employee was likely in the area, there is a reasonable inference, based on permissible circumstantial evidence such that a trier of fact should hear the case and decide it on the merits, that the Court should vacate its prior ruling and deny the motion for summary judgment.

**C.      Whether a Floor is Properly Maintained is a Question of Fact for the Jury**

Whether the floor of a store or public marketplace was so negligently maintained as to render the person responsible for its condition liable in damages is a question of fact to be decided by the jury. (*Tuttle v. Crawford* (1936) 8 Cal.2d 126, 130). Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations. Each accident must be viewed in light of its own unique circumstances. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1207. While plaintiff must prove that the defective condition existed long enough so that by the use of reasonable care it should have been discovered and remedied, that fact, may be proved by circumstantial evidence. (*Ahern v. S.H. Kress & Co.* (1950) 97 Cal.App.2d 691, 694). It is generally a question of fact for the jury as to whether under the circumstances the defective condition existed long enough so that a reasonable man exercising reasonable care would have discovered it as noted in *Rothschild v. Fourth & Market Street Realty Co.* (1934) 139 Cal.App. 625, 627, where the court stated: "[. . .] the question whether the condition which caused the injury had existed so long as to be discoverable by the defendant within a reasonable time is one for the jury."

**D. Notice is Not Required Because Defendant, It's Employees and/or Agents Created or Contributed to the Creation of the Dangerous Condition**

"Where the dangerous or defective condition of the property which causes the injury has been created by reason of the negligence of the owner of the property or his employee acting within the scope of the employment, the owner of the property cannot be permitted to assert that he had no notice or knowledge of the defective or dangerous

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

condition in an action by an invitee for injuries suffered by reason of the dangerous condition. Under such circumstances knowledge thereof is imputed to him." (*Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798, 806).

Here, there is a sufficient dispute of fact related to Walmart's employee's activities at the time of the incident for which there is sufficient evidence to support a jury finding an employee caused or contributed to the substance by either (1) permitting the items to spill on the floor, (2) noticing, yet ignoring, the substance in the area of the incident, and/or (3) not performing duties to inspect the floor "constantly" in a sufficient manner such that the substance was permitted to be on the floor.  As such, notice was not necessary and even if it was, Walmart' had at least constructive or actual knowledge of the substance five (5) minutes prior to the incident.

E.     **Defendant had Constructive and/or Actual Knowledge of the Condition Prior to Plaintiff's Fall**

"The exact time the condition must exist before it should, in the exercise of reasonable care, have been discovered and remedied, cannot be fixed, because, obviously, it varies according to the circumstances. *A person operating a grocery and vegetable store in the exercise of ordinary care must exercise a more vigilant outlook than the operator of some other types of business where the danger of things falling to the floor is not so obvious*." (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.4th at p. 1210). The *Ortega* Court was mindful that an owner must have a reasonable time to make an inspection in order to discover the dangerous condition and correct it.  (*Id.* at p. 1211). But the court found, the evidence of defendant's failure to inspect the premises within a reasonable period of time prior to the accident is indicative of defendant's negligence and creates a reasonable inference that the dangerous condition existed long enough for it to be discovered by the owner. (*Ibid.* ). In other words, the inference tends to establish a fact from which the existence of another fact in issue (that the liquid was on the floor for a sufficient period of time to establish constructive knowledge) can be inferred. (*Ibid.* ).

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

In *Tuttle v. Crawford*, *supra*, 8 Cal.2d 126, a judgment for a plaintiff was affirmed where she had fallen in the vegetable department of a store when she slipped on some lettuce leaves on a wet cement floor. The condition had been noted by an employee who said he had swept the wet space five to eight minutes before the accident, but the court said that if he had swept "he swept poorly." The court also said that it did not follow that plaintiff was negligent because she did not see the lettuce leaves. The court said further, at page 130:

> "That it is the duty of storekeepers to keep the floors of their premises safe for those who must pass over them in the transaction of their business must be conceded. The fact that the attention of persons who visit public markets is attracted by the display of the wares offered for sale and more or less absorbed by the transactions which they have in mind would seem to increase the necessity of exercising care to the end that the floor spaces and aisles allotted to the use of customers should be made safe and kept fit for such purpose."

To impose liability the owner must have either actual or constructive knowledge of the dangerous condition *or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises*. *His negligence in such cases is founded upon his failure to exercise ordinary care in remedying the defect after he has discovered it or as a man of ordinary prudence should have discovered it*." (*Hatfield v. Levy Bros*. (1941) 18 Cal.2d 798, 806).

Here, there were employees in the area prior to the incident.  There is conflicting evidence as to how the liquid came to be on the floor.  However, it appears at least one employee in the area did not follow procedure for inspection. Further, a female employee stated she saw the substance prior to the slip and it should have been cleaned up.

### F.   Circumstantial Evidence is Admissible to Prove Negligence and Reasonable Inferences are Permissible

Plaintiff is able to establish her case using circumstantial evidence and the jury is allowed to make reasonable inferences from this evidence. Speculation is defined by

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S
ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Oxford Press as the forming of a theory or conjecture without firm evidence. Circumstantial evidence is defined as information and testimony presented by a party in a civil action that permits conclusions that indirectly establish the existence or nonexistence of a fact or event that the party seeks to prove. Inferences are defined as a conclusion reached on the basis of evidence and reasoning.  There is a difference between speculation and when a party presents circumstantial evidence leading to inferences.

The plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence. Knowledge may be shown by circumstantial evidence "which is nothing more than one or more inferences which may be said to arise reasonably from a series of proven facts." (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.4th at pp. 1206-1207). Negligence and connecting defendant with it, like other facts, can be proved by circumstantial evidence. There does not have to be an eyewitness, nor need there be direct evidence of defendant's conduct, and there is no absolute requirement that plaintiff explain how the accident happened. (*Quintal v. Laurel Grove Hospital* (1964) 62 Cal.2d 154, 168). Direct evidence of a fact in dispute is not required in all cases, as the law recognizes the force of indirect evidence which tends to establish such fact by proving another, which, though not in itself conclusive, affords an inference or presumption of the existence of the fact in dispute. (*Arundell v. American Oil Fields Co.* (1916) 31 Cal.App. 218). The fact of negligence may be proved by indirect as well as by direct evidence. (*Jones v. Leonard* (1909) 10 Cal.App. 284; Code Civ. Proc., § 1832.) Negligence, like any other fact, may be inferred from a preponderance of the evidence, whether it be circumstantial or direct, and plaintiff is not required to prove his case beyond a reasonable doubt. (*Arundell v. American Oil Fields Co.*, *supra*, at p. 235).

### G.   Constructive Notice is a Question of Fact for the Jury

Generally, the question of whether the owner had constructive knowledge of the existence on the specific hazard is a question of fact for the jury. (*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 479.)  The owner must use the care required of a

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

reasonably prudent [person] acting under the same circumstances. (*Moore v. Wal-Mart Stores, Inc*. (2003) 111 Cal.App.4th 472, 476). A plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence and whether this condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury. (Id. at p. 477.) There are no exact time limits. Rather, each accident must be viewed in light of its own unique circumstances. (Id.).

### F.    The Motion is Timely

First, the motion is in effect a motion for relief from judgment under Federal Rule of Civil Procedure 60(b), which states that such a motion must be filed within a "reasonable time." See Fed. R. Civ. P. 60(c)(1). The instant motion was easily filed a "reasonable time" for relief from judgment.

### G.    The Experts' Opinion Should be Considered

Sanctions available to trial judge under Rule 37(b) are discretionary. General Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 17 Fed. R. Serv. 2d (Callaghan) 1221, 1973 U.S. App. LEXIS 8563 (8th Cir. 1973), cert. denied, 414 U.S. 1162, 94 S. Ct. 926, 39 L. Ed. 2d 116, 1974 U.S. LEXIS 1663 (1974). A court should impose sanctions no more drastic than those actually required to protect rights of other parties. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 26 A.F.T.R.2d (RIA) 5397, 13 Fed. R. Serv. 2d (Callaghan) 1018, 1971-1 U.S. Tax Cas. (CCH) ¶ 9236, 71-1 U.S. Tax Cas. (CCH) ¶ 9236, 1970 U.S. App. LEXIS 10507 (5th Cir.), cert. denied, 400 U.S. 878, 91 S. Ct. 118, 27 L. Ed. 2d 115, 1970 U.S. LEXIS 660 (1970).

In determining sanctions, courts will consider "willfulness" on part of person or party failing to act in accordance with discovery procedures. Diaz v. Southern Drilling Corp., 427 F.2d 1118, 26 A.F.T.R.2d (RIA) 5397, 13 Fed. R. Serv. 2d (Callaghan) 1018, 1971-1 U.S. Tax Cas. (CCH) ¶ 9236, 71-1 U.S. Tax Cas. (CCH)

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

¶ 9236, 1970 U.S. App. LEXIS 10507 (5th Cir.), cert. denied, 400 U.S. 878, 91 S. Ct. 118, 27 L. Ed. 2d 115, 1970 U.S. LEXIS 660 (1970).  Although Rule 37(b) applies to all failures to comply with court orders, whether willful or not, presence or lack of good faith in parties is relevant to orders which should be given. B. F. Goodrich Tire Co. v Lyster, 328 F.2d 411, 8 Fed. R. Serv. 2d (Callaghan) 37B.232, Case 1 (CA5 Ala 1964).

Considerations of fair play may dictate that courts eschew harshest sanctions where failure to comply is due to mere oversight of counsel amounting to no more than simple negligence. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 27 Fed. R. Serv. 2d (Callaghan) 828, 1979-2 Trade Cas. (CCH) ¶ 62778, 1979 U.S. App. LEXIS 13586 (2d Cir. 1979).

A party's failure to disclose under Rule 26(a)(1) is harmless if it involves "an honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." Tolerico v. Home Depot, 205 F.R.D. 169, 176. (M.D. Pa. 2002).  Further, inadvertent failure to disclose the name of a potential witness known to all parties or the failure to list as a trial witness a person listed by another party is "harmless." Id. (citing Advisory Committee Note to the 1993 Amendments to Rule 37(c)); see also U.S. Fid. & Guar. Co. v. Brown, 2003 U.S. Dist. LEXIS 27654, at *5-6 (M.D. Pa. Mar. 7, 2003).

In determining whether a failure to disclose or supplement is substantially justified or harmless, a court should consider the following four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose." Bitterroot Holdings, L.L.C. v. MTGLQ Inv'rs, L.P., 648 F. App'x 414, 419 (5th Cir. 2016) (citing Texas A&M Research Found. v. Magna Transp., Inc., 338 F.3d 394, 402 (5th Cir. 2003)). Jennifer Valenzuela, Krista Valenzuela, and Alyssa Valenzuela's testimony

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

is extremely important to the case, as it forms the basis of Plaintiff's damages claim. See <u>Bitterroot Holdings</u>, 648 F. App'x at 419 (holding that the district court did not abuse its discretion in permitting evidence not properly disclosed under Rule 26 because the evidence was important to the case); See also <u>Joy Global, Inc.</u> <u>v. Wis. Dep't of Workforce Dev.</u> (In re Joy Global, Inc.), 423 B.R. 445, 2010 U.S. Dist. LEXIS 12627 (D. Del. 2010) [Parties' <u>motions in limine were denied</u> in part because fact that some evidence was not disclosed from some witnesses under Fed. R. Civ. P. 26 was not severe enough to warrant complete preclusion of testimony at trial particularly when witnesses and <u>information were known to other party</u> and any failure was harmless].

### III.   CONCLUSION

Based on the foregoing, defendant has failed to establish the burden required to succeed on a motion for summary judgment.  Therefore, the Court, respectfully, should deny the motion in its entirety.


DATED:  April 21, 2023              **DOWNTOWN L.A. LAW GROUP**

*Igor Fradkin*

_____

BY:   Igor Fradkin, Esq.
        Attorneys for Plaintiff,
        MONICA BEE

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

# CERTIFICATE OF SERVICE

I hereby certify that the following documents(s):

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was/were served on this date to counsel of record:

[ ]   **BY MAIL**: By lacing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[X]   **BY E-MAIL DELIVER**: Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to the person(s) at the e-mail address(es) listed below.  I did not receive, within a reasonable amount of time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

**[X]**   **BY ELECTRONIC TRANSMISSION**: I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Andrew O. Smith, Esq., SBN 246819
Michael F. Colbert, Esq., SBN 319539
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: aosmith@pettitkohn.com  &  mcolbert@pettitkohn.com

*Attorneys for Defendant* WALMART INC.

Executed on December 1, 2022, at Los Angeles, California.

*Elizabeth Sanchez*
_____
Elizabeth Sanchez

**PLAINTIFF'S MOTION FOR RECONSIDERATAION REGARDING THE COURT'S ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**