**IGOR FRADKIN, ESQ.- State Bar No. 299491**
**DANIEL AZIZI, ESQ. - State Bar No. 268995**
**DOWNTOWN L.A. LAW GROUP**
601 N. Vermont Ave.
Los Angeles, CA  90004
Tel: (213)389-3765 -
Fax: (877)389-2775
Email: Igor@downtownlalaw.com


Attorneys for Plaintiff
MONICA BEE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BEE, an individual,<br><br>              Plaintiff,<br><br>    v.<br><br>WALMART, INC., a Delaware corporation; AARON, an individual; and DOES 1-25, inclusive,<br><br>              Defendants. | Case No.  2:21-cv-08919 RGK(MARx)<br><br>**DECLARATION OF IGOR FRADKIN, ESQ. IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date:    May 25, 2023<br>Time:  10:00 am<br>Judge: Hon. Fred W. Slaughter<br>Courtroom: 10D |

Downtown L.A. Law Group
601 N.Vermont Ave.
Los Angeles, CA  90004

**1**

I, IGOR FRADKIN, ESQ., declare:

1. I am an attorney at law duly licensed to practice law before all the courts of the State of California. I am an attorney at DOWNTOWN L.A. LAW GROUP, attorneys of record for plaintiff, MONICA BEE. I am over the age of 18.

2. I am familiar with the facts and proceedings of this case and if called as a witness, I could and would competently testify to the following facts from my own personal knowledge.

3. Per Local-Rule 7-3, I met and conferred regarding the substance of this motion with Defense counsel on April 21, 2023. Resolution was unable to be reached.

4. Attached hereto as Exhibit A is a true and correct copy of the relevant portions of the Deposition Transcript of Ms. Ornelas.

5. Attached hereto as Exhibit B is a true and correct copy of the Court's April 7, 2023 ruling.

6. Attached here to as Exhibit C are true and correct copies of the Defendant's moving papers.

7. Attached here to as Exhibit D are true and correct copies of the Plaintiff's opposition.

I declare under the penalty of perjury to the laws of the State of California and of the United States of America that the foregoing is true and correct, except as

to those matters which are stated upon information and belief, as to such matters, I
am informed and believed that they are true and correct.

Executed this 21st day of April, 2023 in Los Angeles, California.



By:   Igor Fradkin, Esq.

3

EXHIBIT "A"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MONICA BEE, an individual,      )
                                )
                Plaintiff,      )
                                )
        vs.                     )No. 2:21-cv-08919
                                )    RGK (MARx)
                                )
WALMART, INC., a Delaware       )
corporation; AARON, an          )
individual; and DOES 1-25,      )
inclusive,                      )
                                )
                Defendants.     )
_____  )


Videoconference
Deposition of:          GISELE ORNELAS


Date and Time:          Tuesday, January 10, 2023
                        8:15 a.m.


Place:                  2100 North Long Beach Boulevard
                        Compton, California


Reporter:               Dorothy M. Simpson, CSR
                        Certificate No. 14323

1    the video, do you specifically remember yourself walking

2    through that area twice before the incident occurred?

3        MR. COLBERT:  Objection.  Argumentative.  Vague and

4    ambiguous.

5            You are asking her to forget something that

6    she has reviewed.

7            I'm confused as to why you are asking this

8    like this, Counsel.

9    BY MR. FRADKIN:

10       Q.    You can answer the question.

11       A.    I remember working there because that was my

12   area, so I was there constantly.

13       Q.    Right.  So my question isn't generally

14   speaking, it's specifically.  For example --

15       A.    Yes.

16       Q.    -- do you remember how many times you walked

17   through the area where the incident occurred the next

18   day, for example, January 25th, 2020?

19       MR. COLBERT:  Objection.  Vague and ambiguous.

20   Calls for speculation.

21            Go ahead.

22       THE WITNESS:  How many times?  No, I do not

23   remember.

24   BY MR. FRADKIN:

25       Q.    Okay.  Do you remember if you even walked

Gisele Ornelas
Monica Bee vs. Walmart, Inc.

1226412

```
 1        MR. COLBERT:  If you remember the question that he

 2   asked, you can go ahead and answer.

 3        THE WITNESS:  Can you ask that again?

 4   BY MR. FRADKIN:

 5        Q.    Sure.  So besides what you saw in the video,

 6   do you remember, as you sit here today, actually walking

 7   through the area where the incident occurred twice on

 8   January 24, 2020?

 9        MR. COLBERT:  Objection.  Vague and ambiguous.

10   Asked and answered.

11             Counsel, the question is akin to asking

12   besides what you saw with your eyes, do you recall what

13   you saw?

14        MR. FRADKIN:  There's no speaking objections.

15   State your objections, and then we can go on.

16        MR. COLBERT:  Go ahead.

17        THE WITNESS:  Besides the video, no.

18   BY MR. FRADKIN:

19        Q.    Do you know if you -- withdraw the question.

20             According to your declaration at 10:56:28 you

21   walked over the area where the incident occurred and

22   inspected the floor.  Do you know if at any point before

23   10:56:28 on that day you had walked through that area?

24        MR. COLBERT:  Objection.  Vague and ambiguous.

25   Calls for speculation.
```

Gisele Ornelas
Monica Bec vs. Walmart, Inc.

1226412

1           Go ahead and answer if you recall.

2        THE WITNESS:  If I walked before 10:56?

3   BY MR. FRADKIN:

4        Q.     Right.

5        A.     Do I remember?

6        Q.     Yes.  That's the question.

7        A.     No.

8        Q.     Okay.  At 10:56:28 where were you coming from

9   and where were you going?

10       MR. COLBERT:  Objection.  Vague and ambiguous.

11       THE WITNESS:  I was coming from the back room.  I

12  was stocking on the sales floor, and I assume I went to

13  the back room.  But from that, I don't remember.

14  BY MR. FRADKIN:

15       Q.     So specifically when you saw yourself on the

16  video at 10:56:28, were you walking from the back room

17  somewhere or to the back room?

18       A.     I was walking from the back room.

19       Q.     All right.  And were you walking from the

20  back room to the hardware and seasonal department?

21       A.     Correct.

22       Q.     Okay.  Which portion of the store did this

23  incident occur?

24       A.     Down the action alley.

25       Q.     Is it -- you said action alley?

1    A.    Correct.

2    Q.    Is the action alley part of the hardware and

3    seasonal department?

4    A.    Not necessarily, no.

5    Q.    Were you carrying anything as you were

6    walking from the back room to your department?

7    MR. COLBERT:  Objection.  Vague and ambiguous.

8    Calls for speculation.

9           Go ahead.

10   THE WITNESS:  I was pulling a cart.

11   BY MR. FRADKIN:

12   Q.    Okay.  And then it says, according to your

13   declaration, about a minute later you walked through the

14   area where this incident occurred again; is that

15   correct?

16   A.    Correct.

17   Q.    And was that going back to the back room?

18   MR. COLBERT:  Objection.  Vague and ambiguous.

19   Calls for speculation.

20   THE WITNESS:  I went back to grab my cart, and I

21   assume I went to the back room from there.

22   BY MR. FRADKIN:

23   Q.    Okay.  I just want to make sure I have a

24   clear timeline.

25           The first time you walked through the area

Gisele Ornelas
Monica Bee vs. Walmart, Inc.

```
 1    time.

 2            Go ahead.

 3        THE WITNESS:  I'm sorry.  Can you rephrase -- can

 4    you ask that again?

 5    BY MR. FRADKIN:

 6        Q.    Sure.  On January 24, 2020, when you walked

 7    through the area where this incident occurred, you were

 8    helping a customer in the action alley find the item

 9    that he was looking for?

10        MR. COLBERT:  Objection.  Vague and ambiguous as to

11    time.

12            Go ahead and answer if you know.

13        THE WITNESS:  Correct.

14    BY MR. FRADKIN:

15        Q.    Do you recall if you retrieved the item that

16    the customer -- the customer was looking for and handed

17    it to him, or if you just directed him in the direction

18    and he went to get the item?

19        A.    I directed him.

20        Q.    Do you know when before 10:26:28 any other

21    WalMart employee had walked through the area where the

22    incident occurred?

23        MR. COLBERT:  Objection.  Vague and ambiguous.

24    Calls for speculation.

25            Go ahead and answer if you know.
```

1    THE WITNESS:  No.  I only know from the video I

2    seen Tania.

3    BY MR. FRADKIN:

4        Q.    And -- and so in the video did you see Tania

5    walk through the area before you did?

6        MR. COLBERT:  Objection.  Vague and ambiguous.

7            Go ahead and answer if you recall.

8        THE WITNESS:  I don't recall.

9    BY MR. FRADKIN:

10       Q.    When you walked over the area where the

11   incident occurred, were you pulling the cart?

12       MR. COLBERT:  Objection.  Vague and ambiguous as to

13   time.

14       THE WITNESS:  Yes.  That's also where I parked my

15   cart.

16   BY MR. FRADKIN:

17       Q.    Okay.  So when you walked through the area at

18   10:56:28 a.m. and 10:57:22 a.m., you had your cart with

19   you; is that correct?

20       MR. COLBERT:  Objection.  Misstates testimony.

21   Vague and ambiguous.

22           Go ahead and answer if you know what he is

23   asking you exactly.

24       MR. FRADKIN:  Don't coach the witness in prior

25   deposition.

EXHIBIT "B"

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

═══════════════════════════════════════════════════════════════

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

  Melissa H. Kunig                                       N/A
    Deputy Clerk                                     Court Reporter

Attorneys Present for Plaintiff:                Attorneys Present for Defendants:

    Not Present                                       Not Present

**PROCEEDINGS: ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT [34]**

      Before the court is Defendant Walmart Inc's ("Defendant") Motion for Summary
Judgment ("Motion" or "Mot."). (Dkt. 34.) Defendant's Motion is supported by the
declarations of Defendant's counsel Michael F. Colbert ("Colbert Decl."), Walmart employee
Gisele Ornelas ("Ornelas Decl."), Walmart store manager Luz Alvarez ("Alvarez Decl.") and
exhibits attached therein. (*Id.*) On January 12, 2023, Plaintiff Monica Bee ("Plaintiff")
opposed the Motion ("Opposition" or "Opp."). (Dkt. 38.)[1] Plaintiff's Opposition is supported
by the declaration of Plaintiff's counsel Igor Fradkin ("Fradkin Decl."), the declaration of
Plaintiff's expert Eris J. Barillas ("Barillas Decl."), the declaration of Plaintiff's expert Alex
Balian ("Balian Decl.") and exhibits attached therein. (Dkt. 38.) On the same day, Plaintiff
also filed Evidentiary Objections (Dkt. 39), a Separate Statement of Material Facts in Dispute
(Dkt. 40), and a Response to Defendant's Separate Statement (Dkt. 41). On January 26, 2023,
Defendant filed a Reply ("Reply"), Evidentiary Objections, and a supplemental declaration of
counsel ("Supp. Colbert Decl."). (Dkt. 44.)

_____

[1] The court previously accepted Plaintiff's untimely Opposition and permitted Defendant to file
a revised Reply. (Dkt. 43.) All references to the Reply refer to Defendant's revised filing at
Docket No. 44.

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc*. et al.*

On February 2, 2023, the court held a hearing on the matter and then took the matter under submission. (Dkt. 46.) Based on the state of the record, as applied to the applicable law, the Motion is **GRANTED**.

## I.      Evidentiary Objections

"A trial court can only consider admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002); *see also In re Oracle Corp. Sec. Litig*., 627 F.3d 376, 385 (9th Cir. 2010) ("A district court's ruling on a motion for summary judgment may only be based on admissible evidence."). In the context of a summary judgment, a district court "must also rule on evidentiary objections that are material to its ruling." *Norse v. City of Santa Cruz*, 629 F.3d 966, 973 (9th Cir. 2010). "A court can award summary judgment only when there is no genuine dispute of material fact. It cannot rely on irrelevant facts, and thus relevance objections are redundant." *Burch v. Regents of Univ. of Cal*., 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006); *accord Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 665 (9th Cir. 2021). Additionally, "when evidence is not presented in an admissible form in the context of a motion for summary judgment, but it may be presented in an admissible form at trial, a court may still consider that evidence." *Burch*, 433 F. Supp. 2d at 1120; *see also Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003).

"'[O]bjections to evidence on the ground that it is irrelevant, speculative, and/or argumentative, or that it constitutes an improper legal conclusion, are all duplicative of the summary judgment standard itself' and unnecessary to consider here." *Holt v. Noble House Hotels & Resort, Ltd*, 370 F. Supp. 3d 1158, 1164 (S.D. Cal. 2019) (alteration omitted) (quoting *Burch*, 433 F. Supp. 2d at 1119) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)); *see also Sandoval*, 985 F.3d at 665. "Similarly, the [c]ourt will not consider the parties' objections to the characterization of or purported misstatement of the evidence represented." *Holt*, 370 F. Supp. 3d at 1164 (citing *Hanger Prosthetics & Orthotics, Inc. v. Capstone Orthopedic, Inc.*, 556 F. Supp. 2d 1122, 1126 n.1 (E.D. Cal. 2008)). "Moreover, Federal Rule of Evidence 403 objections are unnecessary at the summary judgment stage

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                     Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

because there is no jury that can be misled and no danger of confusing the issues." *Id.* (citing *Montoya v. Orange Cnty. Sheriff's Dep't*, 987 F. Supp. 2d 981, 994 (C.D. Cal. 2013)).

"At the summary judgment stage," the court "do[es] not focus on the admissibility of the evidence's form" but "instead focus[es] on the admissibility of its contents." *Fraser*, 342 F.3d at 1036 (citations omitted). Accordingly, except in the rare instances in which the objecting party demonstrates with specificity that the subject evidence could not be produced in a proper format at trial, the court does not consider any objections on the grounds that the evidence "constitutes hearsay or inadmissible lay opinion, or that there is a lack [of] personal knowledge." *Holt*, 379 F. Supp. 3d at 1164 (citing *Burch*, 433 F. Supp. 2d at 1122); *see also Sandoval*, 985 F.3d at 665-67; *id.* at 667 (objections for foundation "provide[] no basis for excluding the evidence" where objecting party does not provide counterparty with "notice of the specific ground of objection and, consequently, what could be done to cure any defects"). Relatedly, objections based on a failure to comply with the technicalities of authentication requirements or the best evidence rule are inappropriate. *See Adams v. Kraft*, 828 F. Supp. 2d 1090, 1108 n.5 (N.D. Cal. Oct. 25, 2011) ("On summary judgment, unauthenticated documents may be considered where it is apparent that they are capable of being reduced to admissible evidence at trial."); *Hughes v. United States*, 953 F.2d 531, 543 (9th Cir. 1992) (holding that court was not precluded from considering declaration in awarding summary judgment even if declaration violated best evidence rule if the underlying facts would be admissible as evidence).

Plaintiff objects to portions of the Ornelas Declaration, Colbert Declaration, and Alvarez Declaration on various grounds, including that the declarations are not based on personal knowledge, lack authentication, and are irrelevant without citing to any applicable rules of evidence. (*See generally* Dkt. 39.) The court finds that these objections are not sufficiently specific and are not cognizable evidentiary objections that can be ruled upon. *See Holt*, 379 F. Supp. 3d at 1164; *Sandoval*, 985 F.3d at 665-67; *Adams*, 828 F. Supp. 2d at 1008 n.5.

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

═══════════════════════════════════════════════════════════════

Moreover, the court finds the evidence "may be presented in an admissible form at trial." *See Burch*, 433 F. Supp. 2d at 1120.

Defendant objects to the expert reports contained in the Barillas Declaration and Balian Declaration on the grounds that the reports were provided on January 20, 2023, and thus were not disclosed in a timely manner. (Supp. Colbert Decl. ¶ 5; Reply at 4-5.) The court's Scheduling Order required initial expert disclosures to be made on or before January 5, 2023, and rebuttal expert disclosures to be made on or before January 19, 2023. (Dkt. 32.) Plaintiff does not sufficiently explain why the reports were untimely. (*See generally* Dkt.)

Because the expert reports were untimely disclosed and Plaintiff does not argue their nondisclosure was substantially justified or harmless, the court does not consider the Barillas Declaration and Balian Declaration in deciding the Motion. *See* Fed. R. Civ. P. 26(a)(2)(B)(i) (an expert report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them"); Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (stating "exclusion is an appropriate remedy for failing to fulfill the required disclosure requirements of Rule 26(a)"). Therefore, based on the state of the record, as applied to the applicable law, the court **SUSTAINS** Defendant's evidentiary objections to the Barillas Declaration and Balian Declaration. However, even if the Barillas Declaration and Balian Declaration had been timely, the court finds that the opinions contained in the reports do not create a genuine issue of material fact as to Defendant's actual or constructive notice of the spill.

## II.     Summary of Undisputed Facts

On January 24, 2020, Plaintiff was shopping at a Walmart store located at 2100 N. Long Beach Boulevard, Compton, California. (Dkt. 34 ("D. SUF") No. 1.) Plaintiff slipped and fell on a liquid substance on the store's floor at 11:03:09 a.m. (D. SUF No. 2.) The store's video

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

═══════════════════════════════════════════════════════════

system captured video footage of the incident.  (D. SUF No. 3.)  On January 24, 2020, a Walmart employee, Gisele Ornelas, inspected the area of the incident at 10:56:28 a.m. and 10:57:22 a.m.  (D. SUF Nos. 4, 6.)  Gisele Ornelas found no liquid spill in the area of the incident at either time.  (D. SUF Nos. 5, 7.)  Plaintiff slipped and fell in that area at 11:03:09 a.m.  (D. SUF No. 8.)  Plaintiff testified at her deposition that after the fall, a Walmart employee stated to her, "I'm sorry" and "We should have cleaned it up."  (Dkt. 40 ("P. SUF") No. 2.)

Between the time of Gisele Ornelas's inspection at 10:57:22 a.m. and Plaintiff's fall at 11:03:09 a.m., five minutes and forty-seven seconds elapsed.  (D. SUF No. 9.)  During the five minutes between Gisele Ornelas's last inspection and Plaintiff's fall, several customers, but no Walmart employees, walked through the subject area.  (D. SUF Nos. 10, 11.)  Plaintiff did not see the spill on the floor prior to her fall and does not know who created the spill or how long the substance was on the floor.  (D. SUF Nos. 13, 14.)  Walmart employees are trained to continually look at the floors for spills, debris, and other hazardous conditions, and to address them.  (D. SUF No. 15.)  Walmart policy requires that an employee who observes a spill, debris, or other dangerous condition on the floor must clean it immediately or remain in the area to warn others until it can be cleaned.  (D. SUF No. 16.)

## III.    Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  An issue of fact is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it may affect the outcome of the case, and the "substantive law [] identif[ies] which facts are material."  *Id.*  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Id.*

The moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*
═══════════════════════════════════════════════════════════════════

absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the non-moving party will have the burden of proof at trial, the movant can satisfy its initial burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Id.* at 325; *see also Horphag Rsch. Ltd. v. Garcia*, 475 F.3d 1029, 1035 (9th Cir. 2007) ("The moving party bears the initial burden to demonstrate the absence of any genuine issue of material fact.").

The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted); *see also Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001) (In opposing summary judgment, "the non-moving party must go beyond the pleadings and by its own evidence 'set forth specific facts showing that there is a genuine issue for trial'"); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1389 (9th Cir. 1990) ("The non-moving party may not oppose summary judgment by allegations but must show specific trial-worthy facts."). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). "In judging evidence at the summary judgment stage, the court does not make credibility determinations or weigh conflicting evidence." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). The court must draw all reasonable inferences in the non-moving party's favor. *In re Oracle Corp.*, 627 F.3d at 387 (citing *Anderson*, 477 U.S. at 255).

Nevertheless, "inferences are not drawn out of thin air, but from evidence." *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987). "[M]ere disagreement or the bald assertion that a genuine issue of material fact exists" does not preclude summary judgment. *Harper v. Wallingford*, 877 F.2d 728, 731 (9th Cir. 1989). "[S]ummary judgment will not lie if the dispute about a material fact is genuine, that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that

_____

_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-08919-FWS-MAR                     Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

there be no genuine issue of material fact." *Id.* at 247-48; *see also United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) ("A summary judgment cannot be granted if a genuine issue as to any material fact exists.").

In *In re Oracle Corp.*, the Ninth Circuit described the burdens of proof in the summary judgment process:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact. Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case. Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial. This burden is not a light one. The non-moving party must show more than the mere existence of a scintilla of evidence. The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue. In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor. In determining whether a jury could reasonably render a verdict in the non-moving party's favor, all justifiable inferences are to be drawn in its favor.

627 F.3d at 387 (citations omitted).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 884 (1990) (citation omitted). "Where no such showing is made, the moving party is entitled to a judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Id.* (cleaned up).

_____

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

═══════════════════════════════════════════════

## IV.    Discussion

Plaintiff asserts claims for negligence and premises liability based on the January 24, 2020, incident.  (Dkt. 1-1.)  Under California law[2], "[t]he elements of a negligence claim and a premises liability claim are the same: a legal duty of care, breach of that duty, and proximate cause resulting in injury."  *Kesner v. Superior Ct.*, 1 Cal. 5th 1132, 1158 (2016) (citations omitted); *Cole v. CVS Pharmacy, Inc.*, 2022 WL 2791354, at *5 (C.D. Cal. July 15, 2022) ("The elements of a negligence claim and premises liability claim are the same.") (quoting *Lemberg v. JP Morgan Chase Bank, N.A.*, 2018 WL 1046886, at *2 (N.D. Cal. Feb. 26, 2018)); *see also* CACI 1000 (stating the elements of a claim for premises liability are: (1) defendant owned, leased, occupied, and/or controlled the property; (2) defendant was negligent in the use or maintenance of the property; (3) causation; (4) damages).  The plaintiff bears the burden of proof as to each element.  *Ortega v. Kmart Corp.*, 26 Cal. 4th 1200, 1205 (2001).

In this case, Defendant moves for summary judgment as to the element of breach, arguing that Plaintiff has not presented any evidence that Defendant had actual or constructive notice of the spill.  (*See* Mot. at 5-10; Reply at 1-9.)  The court discusses the element of breach below.

### A.    Breach: Constructive or Actual Notice of the Hazard

To sustain a claim for premises liability against a store owner under California law, it is the plaintiff's burden to show the "owner must have actual or constructive notice of the dangerous condition before incurring liability."  *Ortega*, 26 Cal. 4th at 1203.  "It is well established in California that although a store owner is not an insurer of the safety of its patrons, the owner does owe them a duty to exercise reasonable care in keeping the premises reasonably safe," *id.*, 26 Cal. 4th at 1205, including "a duty to keep the floors safe for patrons' use,"

_____

[2] "[F]ederal courts sitting in diversity apply state substantive law and federal procedural law." *See, e.g.*, *Snead v. Metro. Prop. & Cas. Ins. Co.*, 237 F.3d 1080, 1090 (9th Cir. 2001) (citations and internal quotation marks omitted); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938).

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

*Peralta v. Vons Co., Inc.*, 24 Cal. App. 5th 1030, 1035 (2018). "A store owner exercises ordinary care by making reasonable inspections of the portions of the premises open to customers, and the care required is commensurate with the risks involved." *Ortega*, 26 Cal. 4th at 1205.

To that end, "[e]vidence of a store owner's 'failure to inspect the premises within a reasonable period of time prior to the accident is indicative of defendant's negligence and creates a reasonable inference that the dangerous condition existed long enough for it to be discovered by the owner." *Peralta*, 24 Cal. App. 5th at 1036-37 (quoting *Ortega*, 26 Cal. 4th at 1211); *Moore v. Wal-Mart Stores, Inc*., 111 Cal. App. 4th 472, 477 (2003) (stating the plaintiff can demonstrate constructive notice "by showing that the site had not been inspected within a reasonable period of time") (citing *Ortega*, 26 Cal. 4th at 1212).

"[W]here the plaintiff relies on the failure to correct a dangerous condition to prove the owner's negligence, the plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it." *Ortega*, 26 Cal. 4th at 1206. "[P]laintiffs may demonstrate the storekeeper had constructive notice of the dangerous condition if they can show that the site had not been inspected within a reasonable period of time so that a person exercising due care would have discovered and corrected the hazard." *Id*. at 1212. "In other words, if the plaintiffs can show an inspection was not made within a particular period of time prior to an accident, they may raise an inference the condition did exist long enough for the owner to have discovered it." *Id*. at 1212-13; *see also Moore*, 111 Cal. App. 4th at 476 ("[T]he plaintiff has the burden of showing that the owner had notice of the defect in sufficient time to correct it.").

"As a general proposition, California courts apply a 30-minute threshold for submitting questions of actual notice to a jury - i.e., if there is undisputed evidence that an active inspection of the relevant area occurred less than 30 minutes before the accident, summary judgment in favor of the store owner is appropriate; if not, the question should be resolved by a jury." *Cardoza v. Target Corp*., 2018 WL 3357489, at *3 (C.D. Cal. June 22, 2018), *aff'd*, 765 F. App'x 360 (9th Cir. 2019); *see also Alacan v. Target Corp*., 2015 WL 10945603, at *3 (C.D.

---

**CIVIL MINUTES – GENERAL**                                                                 9

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

═══════════════════════════════════════════════

Cal. June 26, 2015) ("[T]he Court finds as a matter of law that [plaintiff's] negligence premises liability action fails because a store owner's inspection within 7 minutes of the fall does not constitute a breach of the duty of care"); *Eidem v. Target Corp.*, 2011 WL 3756144, at *9 (C.D. Cal. Aug. 24, 2011) (finding the defendant's "practice of inspecting its floors every 15 minutes does not breach its duty of care towards patrons"); *Calderon v. Target Corp.*, 2013 WL 4401430, at *2 (S.D. Cal. Aug. 15, 2013) (granting summary judgment where defendant's employee had "walked through the mini-seasonal area within 30 minutes of the incident, and she did not notice, see, or identify any broken or defective stool").

In this case, the undisputed facts establish that at the time of the incident, Plaintiff was inside a Walmart store located in Compton, California. (D. SUF No. 2.) The store's video system captured video footage of the incident. (D. SUF No. 3.) Prior to the fall, Walmart employee Gisele Ornelas inspected the area of the incident twice, at 10:56:28 a.m. and 10:57:22 a.m. (D. SUF Nos. 4, 6.) Gisele Ornelas did not find any substances or spills on the floor. (D. SUF Nos. 5, 7.) Plaintiff fell in that area at 11:03:09 a.m., or five minutes and 47 seconds later. (D. SUF Nos. 8, 9.) Multiple customers, but no Walmart employees, walked through the subject area between Gisele Ornelas's last inspection and Plaintiff's fall. (D. SUF Nos. 10, 11.)

Defendant argues it is entitled to summary judgment because there is no evidence that Defendant had actual or constructive notice of the spill. (*See* Mot. at 5-10; Reply at 1-9.) As for actual notice, Defendant points to the lack of evidence showing that Defendant either caused the spill or knew about the spill beforehand. (D. SUF Nos. 13, 14.) As for constructive notice, Defendant points to video footage showing that only five minutes and 47 seconds elapsed between the time of Gisele Ornelas's last inspection and Plaintiff's fall to argue that this time frame was too brief to put Defendant on constructive notice. (Mot. at 7-10; Reply at 7-9.)

The court agrees that Defendant has met its initial burden of demonstrating that Plaintiff has not set forth sufficient evidence demonstrating actual or constructive notice. *See In re Oracle Corp.*, 627 F.3d at 387. The court finds the record does not reflect any evidence of actual notice—in other words, that Defendant knew of the spill. (*See, e.g.*, D. SUF Nos. 10, 11,

_____

**CIVIL MINUTES – GENERAL**

10

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

13, 14.)  The court further finds the record reflects that only five minutes and 47 seconds elapsed between Gisele Ornelas's inspection and the incident.  (*See, e.g.*, D. SUF No. 9.)  As a matter of law, an approximately five-minute window of time between an inspection and a fall does not constitute a breach of the duty of care.  *See, e.g., Cardoza*, 2018 WL 3357489, at *3; *Alacan*, 2015 WL 10945603, at *3; *Eidem*, 2011 WL 3756144, at *9; *Calderon*, 2013 WL 4401430, at *2.  Because Defendant has met its burden of demonstrating a lack of evidence as to actual or constructive notice, the burden shifts to Plaintiff to designate "specific facts showing there is a genuine issue for trial."  *Celotex*, 477 U.S. at 324.

Plaintiff argues, in summary, that summary judgment should not be granted because she believes Walmart employees caused the spill, Walmart's choice of flooring tile contributed to her fall, and employees did not follow internal procedures.  (Opp. at 6.)  Plaintiff contends Defendant's evidence is "demonstrably false," but does not provide evidence that sufficiently rebuts or undermines Defendant's evidence.  (*Id.*)  Plaintiff also points to her deposition testimony in which she testified that after her fall, a Walmart employee said, "I'm sorry" and "We should have cleaned it up."  (P. SUF No. 2.)  Plaintiff argues this statement implies that "one, if not more, employees had spotted the substance and did not follow procedure."  (Opp. at 20.)

The court finds Plaintiff has not met her shifted burden to demonstrate a genuine issue of material fact as to whether Defendant had actual or constructive notice of the alleged hazardous condition.  The evidence cited to by Plaintiff—namely, her deposition testimony—does not lead to the reasonable inference that Defendant admitted to knowledge of the spill.  The court observes that in Plaintiff's deposition, Plaintiff herself describes this inference as speculation.  (*See* Supp. Colbert Decl. ¶ 2, Exh. 6 at 93:2-5) ("Q: So you're speculating that when she said, 'We should have cleaned it up,' that she actually knew about it before your incident? A: Yes.").  The court finds that Plaintiff's speculative testimony regarding Defendant's actual or constructive notice does not defeat summary judgment here.  *See Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 345 (9th Cir. 1995) ("[C]onclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment.").

**CIVIL MINUTES – GENERAL**

11

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                    Date: April 7, 2023
Title: Monica Bee v. Walmart Inc. *et al.*

_____

Accordingly, the court finds that summary judgment for Defendant on Plaintiff's negligence and premises liability claims is proper because Plaintiff has not met her shifted burden of setting forth evidence showing a genuine issue of material fact regarding actual or constructive notice. *See Lujan*, 497 U.S. at 884. Therefore, the court **GRANTS** the Motion.

## V.      Disposition

For the reasons stated above, the court **GRANTS** the Motion. Defendant is **ORDERED** to lodge a proposed judgment within **seven (7)** days of entry of this Order.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku

_____

**CIVIL MINUTES – GENERAL**

12

EXHIBIT "C"

Andrew O. Smith, Esq., SBN 217538
Michael F. Colbert, Esq., SBN 319539
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: aosmith@pettitkohn.com
      mcolbert@pettitkohn.com

Attorneys for Defendant
**WALMART INC.**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONICA BEE, an individual. | **CASE NO: 2:21-cv-08919 FWS(MARx)** |
| Plaintiff, | **DEFENDANT WALMART INC.'S NOTICE OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION** |
| v. | |
| WALMART INC., a Delaware Corporation; AARON, an individual; and DOES 1-25, inclusive, | |
| Defendants. | Date: February 2, 2023<br>Time: 10:00 a.m.<br><br>Courtroom: 10D<br>District Judge: Hon. Fred W. Slaughter<br>Magistrate Judge: Hon. Margo A. Rocconi<br>Complaint Filed: June 23, 2021<br>Trial Date: May 2, 2023 |

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant WALMART INC. ("Defendant" or "Walmart"), will, and hereby does, move for summary judgment or, in the alternative, summary adjudication, in its favor and against Plaintiff MONICA BEE ("Plaintiff") and for costs of suit incurred herein and such other relief as may be just.

///

///

2354-9445

These alternative motions are being made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 19, 2022. See Declaration of Michael F. Colbert In Support of Walmart's Motion for Summary Judgment or in the Alternative, Summary Adjudication "Colbert Decl." at ¶ 11.

These alternative motions will be made on the grounds that no triable issue of material fact exists and that Plaintiff's causes of action have no merit and fail as a matter of law for the following reasons:

ISSUE 1:  Plaintiff cannot prove actual or constructive notice of the alleged hazardous condition that caused her fall because the Defendant conducted reasonable inspections of the area and did not have actual notice of the condition prior to her fall.

These alternative motions will be made and based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Separate Statement of Undisputed Facts and Conclusions of Law, the Notice of Lodgment of Evidence, which includes the Declaration of Michael F. Colbert, Esq., Declaration of Giselle Ornelas, and Declaration of Luz Alvarez, as well as the pleadings, records, and files herein, such matters of which the court may take judicial notice, and any evidence or argument presented at the hearing on this motion.

**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

Dated: December 22, 2022___  By:  s/ Michael F. Colbert _____
Andrew O. Smith, Esq.
Michael F. Colbert, Esq.
Attorneys for Defendant
**WALMART INC.**
aosmith@pettitkohn.com
mcolbert@pettitkohn.com

2354-9445

2

EXHIBIT "D"

1   **IGOR FRADKIN, ESQ.- State Bar No. 299491**
2   **DANIEL AZIZI, ESQ. - State Bar No. 268995**
    **DOWNTOWN L.A. LAW GROUP**
3   601 N. Vermont Ave.
    Los Angeles, CA  90004
4   Tel: (213)389-3765 -
    Fax: (877)389-2775
5   Email: Igor@downtownlalaw.com
6
7
    Attorneys for Plaintiff
8   MONICA BEE
9
10              **UNITED STATES DISTRICT COURT**
11             **CENTRAL DISTRICT OF CALIFORNIA**
12
13  MONICA BEE, an individual,          Case No.  2:21-cv-08919 RGK(MARx)
14                    Plaintiff,        **PLAINTIFF'S BRIEF IN**
                                        **OPPOSITION TO DEFENDANT'S**
15         v.                           **MOTION FOR SUMMARY**
                                        **JUDGMENT**
16
17  WALMART, INC., a Delaware
    corporation; AARON, an individual; and    Date:  February 2, 2023
18  DOES 1-25, inclusive,               Time:  10:00 am
                                        Judge: Hon. Margo A. Rocconi
19                    Defendants.       Courtroom: 10D
20
21
22
23
24
25
26
27
28

                                      1
            **PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S**
                    **MOTION FOR SUMMARY JUDGMENT**

# TABLE OF CONTENTS

MEMORANDUM OF POINTS & AUTHORITIES ............................................................. 6

I.     INTRODUCTION ................................................................................................. 6

II.    SUMMARY JUDGMENT STANDARD ............................................................. 6

III.   MATERIAL FACTS IN DISPUTE .................................................................... 7

  A. Plaintiff's Experts Establish Material Disputes of Fact .............................. 7

    1. Expert Eris Barillas, CPSI, CXLT ..................................................... 7

    2. Expert Alex J. Balian, MBA ............................................................. 12

  B. Defendant's Supporting Evidence is in Dispute ......................................... 14

    1. Plaintiff's Concurrently Filed Objections to Evidence ...................... 14

    2. Giselle Ornelas Likely Caused of Contributed to the

    Floor Condition ................................................................................. 14

  C. Defendants' Moving Papers Fail to State Facts that Shifts the Burden ..... 16

  D. Whether a Floor is Properly Maintained is a Question of

    Fact for the Jury ................................................................................. 17

  E. Notice is Not Required Because Defendant, It's Employees and/or Agents

    Created or Contributed to the Creation of the Dangerous Condition ........ 18

  F. Defendant had Constructive and/or Actual Knowledge of the Condition

    Prior to Plaintiff's Fall ................................................................................. 19

  G. Circumstantial Evidence is Admissible to Prove Negligence and

    Reasonable Inferences are Permissible ....................................................... 20

  H. Constructive Notice is a Question of Fact for the Jury .............................. 21

  I. Plaintiff May Prove Negligence Using Expert Witness Opinions ............. 22

IV.    CONCLUSION .................................................................................................. 22

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

# TABLE OF AUTHORITIES

*Cases*

**Federal**

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ............................................................. 7

*Amon v. Cort Furniture Rental*, 85 F.3d 1074 (3d Cir. 1996) .......................................... 7

*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242 (1986) ...................................................... 7

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ................................................................... 7

*Judicial Watch, Inc. v. Consumer Financial Protection Bureau*,
    985 F. Supp. 2d 1 (D.D.C. 2013) ................................................................................ 6

*Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599 (5th Cir.2008) ....................... 14

*Ripple v. Marble Falls Independent School District*, 99 F.Supp.3d 662 (2015) ............. 14

*Tolan v. Cotter*, 134 S.Ct. 1861 (2014) ............................................................................... 7

*Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368 (5th Cir.1987) ..................................... 14

*Young v. Key Pharm., Inc.*, 112 Wn.2d 216 (1989) ........................................................... 6

**State**

*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826 ................................................... 16

*Ahern v. S.H. Kress & Co.* (1950) 97 Cal.App.2d 691 ...................................................... 18

*Arundell v. American Oil Fields Co.* (1916) 31 Cal.App. 218 .......................................... 21

*Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798 ............................................................... 18, 20

*Helfer v. Hubert* (1962) 208 Cal.App.2d 22 ..................................................................... 22

*Jones v. Leonardt* (1909) 10 Cal.App. 284 ....................................................................... 21

*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472 .......................................... 22

*Ortega v. Kmart Corp.* (2001) 26 Cal. 4th 1200 ..................................................... 18, 19, 21

*Quintal v. Laurel Grove Hospital* (1964) 62 Cal.2d 154 ................................................. 21

*Rothschild v. Fourth & Market Street Realty Co.* (1934) 139 Cal.App. 625 ................... 18

*Tell v. Taylor* (1961) 191 Cal.App.2d 266 ......................................................................... 22

*Tuttle v. Crawford* (1936) 8 Cal.2d 126 .................................................................. 18, 19, 20

*Statutes*

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**Federal**

Federal Rule of Evidence 602 ........................................................................... 14

**State**

Code Civ. Proc., § 437c............................................................................. 16

Code Civ. Proc., § 1832 ............................................................................. 21

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**[INTENTIONALLY LEFT BLANK]**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## MEMORANDUM OF POINTS & AUTHORITIES

### I.   INTRODUCTION

Defendant WALMART, INC.  ("WALMART") fails to meet the burdens imposed upon it by summary judgment law. There is a failure to establish by the proper standards that material facts are not in dispute making summary judgment appropriate. To the contrary, as set forth more fully below the facts in this case are in dispute such as (1) whether Walmart employees caused the condition; (2) whether or not defendant's flooring choice caused or contributed to the incident; (3) whether or not defendant's employees failed to follow internal procedures include to always keep a look out for spills, among other things.

Defendant's interpretation of the deposition testimony and evidence is inaccurate and Defendant's supporting declarations are conclusory and demonstrably false.  The video surveillance evidence is not properly supported and therefore lacks foundation and authentication such that it cannot be admitted as evidence in support of the motion

As such, summary judgment is not appropriate in this case and the Court must deny defendant Walmart's motion.

### II.  SUMMARY JUDGMENT STANDARD

Summary judgment short-circuits the fact-finding function of the federal courts. It is only "granted when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. In determining whether a genuine issue of fact exists, the court must view all facts in the light most favorable to the non-moving party." (*Judicial Watch, Inc. v. Consumer Financial Protection Bureau*, 985 F. Supp. 2d 1, 6 (D.D.C. 2013) (citations omitted).)

"In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact." (*Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225 (1989).) Only if this initial burden is met does the burden shift to the opposing party to show that there exists a dispute of fact such that a trial is required to resolve the dispute. If the moving party meets its initial burden, then the Court, in evaluating the

---

6

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

motion and response, must view "the evidence and all reasonable inferences therefrom … in the light most favorable to the nonmoving party. (*Id.* at 226.)

The party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists, and the undisputed facts establish the movant's right to judgment as a matter of law. (*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).) This burden remains with the moving party "regardless of which party would have the burden of persuasion at trial." (*Amon v. Cort Furniture Rental*, 85 F.3d 1074, 1080 (3d Cir. 1996).) The duty of the court is not to weigh the evidence and determine the truth of the matter but to determine whether there are issues to be tried. (*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249 (1986).) In making that determination, the court is to draw all inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits and depositions in the light most favorable to the party opposing the motion. (*Anderson v. Liberty Lobby, Inc.* 477 U.S. at 255.) "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." (*Tolan v. Cotter*, 134 S.Ct. 1861, 1863 (2014).) "'if…there is any evidence in the record from any source from which a reasonable inference in the [nonmoving party's] favor may be drawn, the moving party simply cannot obtain summary judgment…'". (*Amon v. Cort Furniture Rental*, 85 F.3d at 1081, quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, at 330, n.2 (1986).)

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." (*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 249; Fed. R. Civ. Proc. 56(c).)

### III.    MATERIAL FACTS IN DISPUTE

**A.    Plaintiff's Experts Establish Material Disputes of Fact**

*1. Expert Eris Barillas, CPSI, CXLT*

Plaintiff Monica Bee ("Plaintiff") retained Eris Barillas, CPSI, CXLT as a safety and liability expert to render opinions surrounding the slip and fall incident that occurred

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

on January 24, 2020, at a Walmart store located at 2100 N. Long Beach Blvd., Compton, CA 90221. (DMF #18). Ms. Barillas formed expert opinions based upon her educational background, professional training, and experience and review of various codes and standards, as well as documents supplied to her related to this matter, the moving papers, and a site inspection she performed on January 3, 2023. All of Ms. Barillas opinion were based on records, data, studies, and/or publications reasonably relied upon by experts in her field. (DMF #19).

Ms. Barillas understood the subject incident occurred at approximately 11:03 am on January 24, 2020: (1) Plaintiff was walking and slipped on an unknown liquid, causing a fall; (2) Plaintiff did not see the wet substance prior to the fall (Statement of Uncontroverted Facts). The Defendant-provided video surveillance footage shows: (1) A Walmart employee, Gisele Ornelas (Ornelas), traversed the subject incident area 53 minutes and 27 seconds into the CCTV footage; (2) Ornelas bent over appearing to look at and/or wipe the floor in the subject area; and (3) that no customer or employee traversed the subject area from the time Ornelas looked at the floor prior to the time that Plaintiff's fall occurs. (DMF #20).

During Aperture's site inspection, Ms. Barillas conducted a slip test using the English XL Variable Incidence Tribometer (CXLT) to measure and interpret the slip resistance of the subject floor area's walking surface. She certified, calibrated, and validated the English XL VIT used in the testing to ASTM F2508 specifications and manufacturer recommended practices. Section E12.2 of ANSI A1264.2-2012 standard states that a floor surface with a slip resistance of 0.50 or above under expected environmental conditions is sufficiently slip-resistant and safe. This minimum slip resistance value ensures that most people have adequate traction. The slip test rendered the vinyl tile flooring to be slippery under wet conditions. The subject floor slip test with the CXLT measured at .20 when wet falling well below the standard. The subject floor is highly hazardous due to how slippery the floor is under wet conditions. (DMF #21).

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Ms. Barillas obtained stills taken from Defendant provided CCTV footage. Figure 1 depicted Ornelas bent over checking the floor and/or a cart that was left in the subject area approximately 6 minutes and 40 seconds prior to Plaintiff's fall. Figure 2 depicted the Plaintiff prior to traversing left and moving in between the merchandise stands which is the subject incident area. The red arrow in Figure 2 depicts the subject incident area located between two merchandise racks. (DMF #22).

Ms. Barillas opined from a human factors standpoint, a liquid/substance on the subject smooth tile floor surface would have been relatively difficult for a customer to perceive on the incident date. Figure 1 and Figure 2 show that a customer could not easily notice clear liquids on the floor because the fluid would not provide an obvious visual contrast from the shiny tile flooring. A retail establishment like Defendant intentionally directs a customer's attention away from the floor and towards merchandise displays and advertisements. Recognized, reliable industry standards indicate that "People looking straight ahead may not look down as the surface 10 ft (3.05 m) or less in front of them unless they expect a hazard in their path. (DMF #23). Ms. Barillas further stated Figures 1 and 2 show that the large action aisle was filled with a variety of displays and merchandise at the time of Plaintiff's incident. It is foreseeable that customers would not look at the ground while traversing the subject incident area because they are focusing on looking at nearby displays and merchandise. Plaintiff acted in a reasonable manner notwithstanding her failure to identify the subject floor's slipping hazard. Defendant's failure to maintain the subject incident area in a reasonably safe manner for customers therefore created a hazardous condition for Plaintiff on the incident date. (DMF #24).

In Ms. Barillas' opinion, Defendant knew or should have known about the subject floor surface's hazardous condition prior to Plaintiff's incident. Alex Balian's nationally recognized premise safety principles article ("Safety Article") states that the three foundational principles for an effective property maintenance program are "1) accountability in the maintenance procedure, 2) frequency or interval of cleaning or inspection and 3) consistent verification." (Exhibit 'D') The Safety Article also states that

9

1  "When 'everyone is responsible' or 'it's everyone's job to clean' [,] the reality is that the

2  task will not be done on a regular and consistent basis because it will not hold any

3  particular person or persons accountable." (DMF #25).

4        Walmart associates are trained to continually look at the floor around them for

5  spills, debris, or other dangerous conditions and to immediately take steps to remedy any

6  hazards (UMF 15). If an associate observes a spill, debris, or other dangerous condition

7  on the floor, the associate must clean the area immediately or guard it until it can be

8  cleaned (UMF 16). There does not appear to be a set schedule assigned for employees to

9  walk through a department and look for spills or hazards. As team members are working,

10  they are expected to continuously inspect the floors. The CCTV footage shows that no

11  actual inspection occurs in the area for at least the hour leading up to the incident. No

12  Walmart associate is viewed pushing a dry mop to clear/check for spills, debris, or any

13  potential hazards. The hazard of slip and falls is well known in the retail industry; and

14  had Defendant strictly followed the nationally recognized safety principles above, then

15  the incident would be much less likely to occur.  (DMF #26).

16        It is Ms. Barillas opinion, based on industry accepted materials, that the approach

17  to inspection where 'everyone is responsible' or 'it's everyone's job to clean' does not

18  work because no specific person or persons can be held accountable, therefore leaving a

19  margin for error, and creating an environment where floor inspections are not prioritized.

20  This method encourages less emphasis on checking floors and allows spills to go

21  unnoticed until a pedestrian slips and falls. The best practice is to conduct a proper floor

22  inspection which includes pushing a dry mop every 30 to 60 minutes minimal to pick up

23  hazards that are not readily visible. Defendant has no procedures in place for employees

24  to walk the store and look for hazards in certain time intervals. It is well known that slip

25  and falls are a common occurrence in the retail industry. Defendant's lack of floor

26  inspection policies is subpar to industry safety standards and contributed to the hazardous

27  condition. (DMF #27).

28

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Ms. Barillas noted that even though the CCTV footage shows a proper floor inspection was not conducted, Defendant proclaims that an inspection was completed by Ornelas and the floor was free of any spills. The CCTV footage shows that no pedestrian nor employee walked through the subject area from the time Ornelas conducted what Defendant calls an inspection and the time of Plaintiff's fall. It is highly likely that Ornelas failed to notice the substance on the floor because she did not push a dry mop through that area therefore, the liquid was left in place due to not conducting a proper inspection with a dry mop which would have cleaned liquids that are not readily visible. Defendant's lack of proper inspection policies contributed to the hazardous condition. (DMF #28).

Plaintiff's expert also stated that another potential course of action is that the liquid was spotted, and therefore Defendant did have notice. Ornelas is viewed bending down and looking at or near ground level at the subject location depicted in Figure 1. At 53:15 in the CCTV footage, Ornelas is depicted pulling a cart with merchandise in a brown box. Ornelas leaves the cart directly at the subject incident area, walks to the left across the action aisle, and returns directly to the cart 12 seconds later. At this time is when Ornelas is viewed bending over at subject incident area by the cart. It is unclear what Ornelas spotted or if Ornelas made a brief attempt to clean something. Ornelas leaves after bending over and then returns to the area approximately 1 minute later and moves the cart from the incident area. (DMF #29).

Plaintiff's expert opined it was possible that the liquid came from the cart that Ornelas was pulling and/or that Ornelas noticed the substance. Plaintiff's fall occurred approximately 6 minutes and 40 seconds after Ornelas bent down to look at the floor. During this time, there are no other employees or customers depicted traversing through the two displays in the middle of the action aisle, which rules out someone else causing the spill in the incident area. If a Defendant associate observes a spill, debris, or other dangerous condition on the floor, the associate must clean it immediately or guard it until it can be cleaned. The liquid substance was either noticed by Ornelas and no action was

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

taken to remedy the hazard or Ornelas failed to notice the liquid and the liquid was left in place due to a lack of proper floor inspections, policy, training, and oversight. Either way, Defendant contributed to both the hazardous condition and Plaintiff's fall because the liquid was noticed. Defendant therefore had notice and its policy was violated due to; (1) no action being taken; (2) due to subpar policy regarding floor inspections; (3) the spill was missed because for over an hour a Walmart employee did not push a broom through the incident area; (4) which would have cleaned the spilled substance preventing the Plaintiff's fall. (DMF #30).

In Ms. Barillas opinion, Defendant could have likely eliminated and/or significantly mitigated the subject flooring's slipping hazard prior to Plaintiff's fall at minimal cost when compared to the risk of harm to customers. The cost for Defendant to update its inspection policies and sufficiently train its employees on their own to dry mop the floor and put adequate inspection policies in place with a timed periodic walk through of each aisle would have been free. Defendant failed to conduct and validate thorough floor inspections in the subject area and/or failed to stress the importance of taking immediate action and following policies when a spill is noticed. If Ornelas observed the spill and tried to clean it when she bent down, then the effort was subpar due to a lack of efficient training and/or supervisor oversight in not ensuring that spills are being cleaned to the appropriate standard. Proper floor inspection policies or associates taking appropriate action upon locating a hazard would have significantly reduced the likelihood of Plaintiff's fall incident and resulting injuries. (DMF #31).

### 2. Expert Alex J. Balian, MBA

Plaintiff Samantha Bee ("Plaintiff") retained Alex J. Balian, MBA, who is a retail store operations and establishment consultant as a customer and employee safety, merchandising of product and floor maintenance expert to render opinions surrounding the slip and fall incident that occurred on January 24, 2020, at a Walmart store located at 2100 N. Long Beach Blvd., Compton, CA 90221. (DMF #32). Mr. Balian formed expert opinions based upon his experience, background, professional training, and experience

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1  and review of various codes and standards, as well as documents supplied to him related

2  to this matter, the moving papers, and a surveillance video. All of Mr. Balian's opinion

3  were based on review of records, data, images, and/or his more than 60 years of

4  experience in the retail industry. (DMF #33).

5       Mr. Balian stated that employees working in a retail environment are charged with

6  the duty of constantly observing the sales for hazards for dangerous conditions while

7  walking in the store. When hazards are discovered, it is the duty to stand by are "guard"

8  in order to "protect" the unsuspecting customer from the hazard and preventing a fall.

9  This is an undisputed procedure in the retail industry when ensuring customer safety.

10 (DMF #34).

11      It was Mr. Balian's opinion that although Walmart floor maintenance policy

12 recognizes this, it is the duty and obligation to properly train employees to constantly

13 implement this industry wide procedure. Ms. Monica Bee was in a Walmart shopping on

14 January 24, 2020 when at approximately 11:03 a.m. she slipped and fell in a substance in

15 the back "action alley" area. Prior to the accident, video surveillance showed store

16 personnel traveling in the area of the fall. Employee statements claimed that no liquid

17 was seen in the area approximately five (5) minutes prior to the fall. This, however, was

18 in conflict to what was told to Ms. Bee in that the substance was observed by employees,

19 however, had no time to guard the spill and protect the customer. Video surveillance did

20 show employees in the area some 5 minutes prior to the fall that confirm that employees

21 were aware of the hazard as to Ms. Bee's understanding. Accepted procedures calls for

22 hazards to be guarded to protect the customer when discovered. What was told to Ms.

23 Bee was that this substance was known by employees but failed to guard to protect

24 customers, including Ms. Bee. (DMF #35).

25      It was, therefore, Mr. Balian's opinion that Walmart failed to properly implement

26 their own floor maintenance procedures by not properly training their personnel.

27 Although stated by employees to be observant of hazards, the account given to Ms. Bee

28

---

**13**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

indicated a failure of not being trained properly to implement these accepted procedures. (DMF #36).

## B.     Defendant's Supporting Evidence is in Dispute

The Court in *Ripple v. Marble Falls Independent School District, 99* F.Supp.3d 662 at 673 (2015) held, "Under Federal Rule of Civil Procedure 56(c)(4), a "declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that that the ... declarant is competent to testify on the matters stated." Any statements in a declaration that violate this rule are not considered for summary judgment purposes; any portions of the declarations that are not struck remain part of the summary judgment record. *See Mayfield v. Tex. Dep't of Criminal Justice,* 529 F.3d 599, 607 (5th Cir.2008) (citing *Akin v. Q–L Invs., Inc.,* 959 F.2d 521, 531 (5th Cir.1992)); *Williamson v. U.S. Dep't of Agric.,* 815 F.2d 368, 383 (5th Cir.1987)."

Pursuant to Federal Rule of Evidence 602, a witness may testify only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.  WALMART is offering evidence that is essentially speculative interpretation of the evidence and does not have evidence of the actual event.  Interpretation of evidence is not fact until determined by a jury.

### *1. Plaintiff's Concurrently Filed Objections to Evidence*

Plaintiff concurrently files objections to defendant's evidence.  The objections are incorporated herein.  Essentially, Defendant fails to establish personal knowledge of declarations, fails to lay foundation, and fails to authenticate evidence, among other things. As such, these offered exhibits and declarations should not be admitted into evidence and should not be considered by this Court.

### *2. Giselle Ornelas Likely Caused of Contributed to the Floor Condition*

At least one, possibly more, Walmart employees were aware of the substance on the floor prior to Plaintiff's fall.  (DMF #1).  A Walmart employee stated to

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff while she was on the ground after her fall that "They should have cleaned this up." (DMF #2).

Defendant attempt to bolster their ill-supported motion with a declaration by Giselle Ornelas. However, Walmart employee Giselle Ornelas has no independent recollection of the day of the incident outside of what she viewed on the videotape years after the incident. (DMF #3). Ms. Ornelas' declaration contains at least one demonstrably false fact at the time she signed it. The declaration stated she was a "manager." However, she testified she gave up that position sometime in 2021-2022. Given the declaration was signed on December 19, 2022. Ms. Ornelas testified on January 10, 2023 that as of signing of the declaration she was no longer a manager and was only a sales associate as she changed positions sometime around 2021-2022. It is a reasonable inference that if she was still a manager on 12/19/22 then she would have known the date she stepped down as manager on 1/10/23. (DMF #4). Ms. Ornelas only became aware of the Incident around the time she signed her declaration. Her deposition occurred on January 10, 2023. She testified she became aware of the Incident 3-4 weeks prior. She signed the declaration on December 9, 2022. (DMF #5).

Ms. Ornelas never had any conversations with Plaintiff. (DMF #6). Ms. Ornelas was not aware of the Incident on the date it occurred. (DMF #7). Ms. Ornelas did not witness Plaintiff's fall in person and is only aware of the fall as she viewed it in the videotape. (DMF #8). Ms. Ornelas could not see herself in the video during the fall. (DMF #9).

Ms. Ornelas testified she walked through the area at least twice on the date of the Incident, based on her review of the video. (DMF# 10). She has no independent recollection of the number of times she walked through the area on the day before or after the incident. (DMF #11). Ms. Ornelas has no independent recollection of walking though the area where the fall occurred the day of the Incident outside of what she viewed on the videotape. (DMF #12). Ms. Ornelas does not recall her

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

actions prior to the time of the video. Based on her review of the video, Ms. Ornelas testified she between 10:56:28 and 10:57:22 a.m. and she walked the "action alley" to the backroom, obtained an l-shaped cart with boxes of items she should not recall, stocked shelves, pulled the cart through and parked it in the area of the Incident, assumed she walked back to the backroom, helped direct a customer to a product 12 feet from the area of the Incident. (DMF #13).

Ms. Ornelas walked through the area of the incident prior to the fall while helping a customer look for an item she could not recall. (DMF # 14). Despite declaring she "constantly" looked at the floor at the time of the Incident (based on her review of the video), she believed she looked at the floor, not the entire time, for five to six. (DMF #15). Based upon the unauthenticated CCTV exhibits objected to by Plaintiff, it appears that Ms. Ornelas was in the area of the fall, parked a cart of unknown merchandise on the spot, looked at the floor for 5-6 minutes on a video clip that lasts 1 minute, and leaves the area about 5 minutes before Plaintiff slipped in the exact same spot. (DMF #16).

Ms. Ornelas could not tell by looking at the video what was on the floor. (DMF #17).

## C.    Defendants' Moving Papers Fail to State Facts that Shifts the Burden

The defendant . . . may not rely upon the mere allegations or denials" of his pleadings, but must set forth specific facts. C.C.P. § 437c(o)(2) declares that "defendant . . . has met" his "burden of showing that a cause of action has no merit if" he "has shown that one or more elements of the cause of action . . . cannot be established, or that there is a complete defense to that cause of action." "Once the defendant . . . has met that burden, the burden shifts to the plaintiff . . . to show that a triable issue of one or more material facts exists as to that cause of action or defense thereto."

The Court in *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826 described how §437c works. The burden on the moving party is the "burden of persuasion" to show

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

1   there is no triable issue of material fact. Further, "there is a triable issue of material fact

2   if, and only if, the evidence would allow a reasonable trier of fact to find the underlying

3   fact in favor of the party opposing the motion in accordance with the applicable standard

4   of proof." Defendant bears the burden of persuasion that "one or more elements of" the

5   "cause of action" in question "cannot be established" or that "there is a complete defense"

6   thereto. *Aguilar* instructs that a party moving for summary judgment bears "an initial

7   burden of production to make a prima facie showing that no triable issue of material fact

8   exists." If that burden is met, the burden shifts to the opposing party to produce sufficient

9   evidence to make a prima facie showing of a triable issue of material fact.

10      The burden of persuasion held by the moving party does not shift; only the burden

11   of production shifts. *Agular* emphasized that the determination of who has the burden of

12   proof and the quantum of the burden of proof at trial are crucial to determining a motion

13   for summary judgment. When a defendant moves for summary judgment against such a

14   plaintiff, he must present evidence that would require a reasonable trier of fact not to find

15   any material fact more likely than not — otherwise, he would not be entitled to judgment

16   as a matter of law, but would have to present his evidence to a trier of fact." *Aguilar* also

17   explains that §437c requires a defendant moving for summary judgment to present

18   evidence, and not simply point out that plaintiff does not possess, and cannot reasonably

19   obtain, needed evidence.

20      Here, Defendant failed to meet the burden of persuasion placed upon it by code.

21   The separate statement fails to set forth material facts and is essentially argument without

22   evidentiary support. Where facts are set forth, these facts are demonstrated to be in

23   dispute or immaterial. As such, defendants fail to make the required prima facie showing

24   and the burden of production does not shift to Plaintiff. Summary judgment is not

25   appropriate based upon the moving papers filed with this Court.

26      **D.**    **Whether a Floor is Properly Maintained is a Question of Fact for the**

27   **Jury**

28

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Whether the floor of a store or public marketplace was so negligently maintained as to render the person responsible for its condition liable in damages is a question of fact to be decided by the jury. (*Tuttle v. Crawford* (1936) 8 Cal.2d 126, 130). Whether a dangerous condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury, and the cases do not impose exact time limitations. Each accident must be viewed in light of its own unique circumstances. (*Ortega v. Kmart Corp.* (2001) 26 Cal.4th 1200, 1207). While plaintiff must prove that the defective condition existed long enough so that by the use of reasonable care it should have been discovered and remedied, that fact, may be proved by circumstantial evidence. (*Ahern v. S.H. Kress & Co.* (1950) 97 Cal.App.2d 691, 694). It is generally a question of fact for the jury as to whether under the circumstances the defective condition existed long enough so that a reasonable man exercising reasonable care would have discovered it as noted in *Rothschild v. Fourth & Market Street Realty Co.* (1934) 139 Cal.App. 625, 627, where the court stated: "[. . .] the question whether the condition which caused the injury had existed so long as to be discoverable by the defendant within a reasonable time is one for the jury."

**E. Notice is Not Required Because Defendant, It's Employees and/or Agents Created or Contributed to the Creation of the Dangerous Condition**

"Where the dangerous or defective condition of the property which causes the injury has been created by reason of the negligence of the owner of the property or his employee acting within the scope of the employment, the owner of the property cannot be permitted to assert that he had no notice or knowledge of the defective or dangerous condition in an action by an invitee for injuries suffered by reason of the dangerous condition. Under such circumstances knowledge thereof is imputed to him." (*Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798, 806).

Here, the flooring choices in both the actual tile selected by Defendant. Additionally there is a sufficient dispute of fact related to Ms. Ornelas' activities at the time of the incident for which there is sufficient evidence to support a jury finding she

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

caused or contributed to the substance by either (1) permitting the items she was stocking to spill on the floor, (2) noticing, yet ignoring, the substance in the area she was working, and/or (3) not performing her duties to inspect the floor "constantly" in a sufficient manner such that the substance was permitt3d to be on the floor for five (5) minutes from the time Ms. Ornelas either spilled the substance or last appears to notice and ignore the substance. As such, notice was not necessary and even if it was, Ms. Ornelas had at least constructive or actual knowledge of the substance five (5) minutes prior to the incident.

**F.** **Defendant had Constructive and/or Actual Knowledge of the Condition Prior to Plaintiff's Fall as an Employee Admitted to Plaintiff at the Scene that they Knew About it and Failed to Clean it Up**

"The exact time the condition must exist before it should, in the exercise of reasonable care, have been discovered and remedied, cannot be fixed, because, obviously, it varies according to the circumstances. *A person operating a grocery and vegetable store in the exercise of ordinary care must exercise a more vigilant outlook than the operator of some other types of business where the danger of things falling to the floor is not so obvious.*" (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.4th at p. 1210). The *Ortega* Court was mindful that an owner must have a reasonable time to make an inspection in order to discover the dangerous condition and correct it. (*Id.* at p. 1211). But the court found, the evidence of defendant's failure to inspect the premises within a reasonable period of time prior to the accident is indicative of defendant's negligence and creates a reasonable inference that the dangerous condition existed long enough for it to be discovered by the owner. (*Ibid.* ). In other words, the inference tends to establish a fact from which the existence of another fact in issue (that the liquid was on the floor for a sufficient period of time to establish constructive knowledge) can be inferred. (*Ibid.* ).

In *Tuttle v. Crawford*, *supra*, 8 Cal.2d 126, a judgment for a plaintiff was affirmed where she had fallen in the vegetable department of a store when she slipped on some lettuce leaves on a wet cement floor. The condition had been noted by an employee who said he had swept the wet space five to eight minutes before the accident, but the court

---

**19**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

said that if he had swept "he swept poorly." The court also said that it did not follow that plaintiff was negligent because she did not see the lettuce leaves. The court said further, at page 130:

> "That it is the duty of storekeepers to keep the floors of their premises safe for those who must pass over them in the transaction of their business must be conceded. The fact that the attention of persons who visit public markets is attracted by the display of the wares offered for sale and more or less absorbed by the transactions which they have in mind would seem to increase the necessity of exercising care to the end that the floor spaces and aisles allotted to the use of customers should be made safe and kept fit for such purpose."

To impose liability the owner must have either actual or constructive knowledge of the dangerous condition *or have been able by the exercise of ordinary care to discover the condition, which if known to him, he should realize as involving an unreasonable risk to invitees on his premises. His negligence in such cases is founded upon his failure to exercise ordinary care in remedying the defect after he has discovered it or as a man of ordinary prudence should have discovered it.*" (*Hatfield v. Levy Bros.* (1941) 18 Cal.2d 798, 806).

As set forth above, about five (5) minutes before the slip and fall, a Walmart employee is in the area of the spill. The video appears to depict her looking at the floor in th spot where Plaintiff fell. Further, the cart the employee was pushing was parked in that spot also five (5) minutes before the slip. It is apparently Walmart's policy that employees keep a constant look out. Ms. Ornelas cannot recall anything other than what she was shown on video from the date of the Incident. Plaintiff recalls an employee coming to her after the accident and stating "They should have cleaned that up." Which suggests that at least one, if not more, employees had spotted the substance and did not follow procedure. As such, there is sufficient dispute of fact regarding notice that summary judgment is not proper in this matter.

**G. Circumstantial Evidence is Admissible to Prove Negligence and Reasonable Inferences are Permissible**

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1    Plaintiff is able to establish her case using circumstantial evidence and the jury is

2    allowed to make reasonable inferences from this evidence. Speculation is defined by

3    Oxford Press as the forming of a theory or conjecture without firm evidence.

4    Circumstantial evidence is defined as information and testimony presented by a party in a

5    civil action that permits conclusions that indirectly establish the existence or

6    nonexistence of a fact or event that the party seeks to prove. Inferences are defined as a

7    conclusion reached on the basis of evidence and reasoning.  There is a difference between

8    speculation and when a party presents circumstantial evidence leading to inferences.

9        The plaintiff need not show actual knowledge where evidence suggests that the

10   dangerous condition was present for a sufficient period of time to charge the owner with

11   constructive knowledge of its existence. Knowledge may be shown by circumstantial

12   evidence "which is nothing more than one or more inferences which may be said to arise

13   reasonably from a series of proven facts." (*Ortega v. Kmart Corp.*, *supra*, 26 Cal.4th at

14   pp. 1206-1207). Negligence and connecting defendant with it, like other facts, can be

15   proved by circumstantial evidence. There does not have to be an eyewitness, nor need

16   there be direct evidence of defendant's conduct, and there is no absolute requirement that

17   plaintiff explain how the accident happened. (*Quintal v. Laurel Grove Hospital* (1964) 62

18   Cal.2d 154, 168). Direct evidence of a fact in dispute is not required in all cases, as the

19   law recognizes the force of indirect evidence which tends to establish such fact by

20   proving another, which, though not in itself conclusive, affords an inference or

21   presumption of the existence of the fact in dispute. (*Arundell v. American Oil Fields Co.*

22   (1916) 31 Cal.App. 218). The fact of negligence may be proved by indirect as well as by

23   direct evidence. (*Jones v. Leonardt* (1909) 10 Cal.App. 284; Code Civ. Proc., § 1832.)

24   Negligence, like any other fact, may be inferred from a preponderance of the evidence,

25   whether it be circumstantial or direct, and plaintiff is not required to prove his case

26   beyond a reasonable doubt. (*Arundell v. American Oil Fields Co.*, *supra*, at p. 235).

27   ///

28   ///

21

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**H.    Constructive Notice is a Question of Fact for the Jury**

Generally, the question of whether the owner had constructive knowledge of the existence on the specific hazard is a question of fact for the jury. (*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 479.)  The owner must use the care required of a reasonably prudent [person] acting under the same circumstances.  (*Moore v. Wal-Mart Stores, Inc.* (2003) 111 Cal.App.4th 472, 476). A plaintiff need not show actual knowledge where evidence suggests that the dangerous condition was present for a sufficient period of time to charge the owner with constructive knowledge of its existence and whether this condition has existed long enough for a reasonably prudent person to have discovered it is a question of fact for the jury. ( Id. at p. 477.) There are no exact time limits. Rather, each accident must be viewed in light of its own unique circumstances.  (Id.).

**I.    Plaintiff May Prove Negligence Using Expert Witness Opinions**

If an affidavit in opposition to motion for summary judgment sets up fact showing that there are triable issues of fact, such facts must be accepted as true and motion denied; but counter affidavit must show facts from which it appears that opposing party has good cause of action on merits. (*Tell v. Taylor* (1961) 191 Cal.App.2d 266). Affidavits of party opposing motion for summary judgment must be accepted as true, and where they raise issue as to material fact, motion must be denied. (*Helfer v. Hubert* (1962) 208 Cal.App.2d 22). As set forth above, Plaintiff's expert states opinion that establish there is sufficient basis to deny the defendant's motion for summary judgment and allow a jury to hear this case.

///
///
///
///
///
///

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

# IV. CONCLUSION

Based on the foregoing, defendant has failed to establish the burden required to succeed on a motion for summary judgment. Therefore, the Court, respectfully, should deny the motion in its entirety.

DATED: January 12, 2023

**DOWNTOWN L.A. LAW GROUP**

BY: Igor Fradkin, Esq.
Attorneys for Plaintiff,
MONICA BEE

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**CERTIFICATE OF SERVICE**

I hereby certify that the following documents(s):

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** was/were served on this date to counsel of record:

[ ]     **BY MAIL**: By lacing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

[X]     **BY E-MAIL DELIVER**: Based on an agreement of the parties to accept service by e-mail or electronic transmission, I sent the above document(s) to                the person(s) at the e-mail address(es) listed below.  I did not receive, within a                      reasonable amount of time after the transmission, any electronic message or                     other indication that the transmission was unsuccessful.

[X]     **BY ELECTRONIC TRANSMISSION**: I electronically filed the above document(s) with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of this filing to the person(s) listed below.

Andrew O. Smith, Esq., SBN 246819
Michael F. Colbert, Esq., SBN 319539
**PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**
5901 W. Century Blvd., Suite 1100
Los Angeles, CA 90045
Telephone: (310) 649-5772
Facsimile: (310) 649-5777
E-mail: aosmith@pettitkohn.com  &  mcolbert@pettitkohn.com
*Attorneys for Defendant* WALMART INC.


Executed on January 12, 2023, at Los Angeles, California.


_____
Elizabeth Sanchez

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

1

## CERTIFICATE OF SERVICE

2

3      I hereby certify that the following documents(s):

**DECLARATION OF IGOR FRADKIN, ESQ. IN SUPPORT OF MOTION FOR**

4      **RECONSIDERATION** was/were served on this date to counsel of record:

5

6      [ ]      **BY MAIL**: By lacing a copy of the same in the United States Mail, postage prepaid, and sent to their last known address(es) listed below.

7      [X]      **BY E-MAIL DELIVER**: Based on an agreement of the parties to

8              accept service by e-mail or electronic transmission, I sent the above

9              document(s) to the person(s) at the e-mail address(es) listed below.  I

              did not receive, within a reasonable amount of time after the

10             transmission, any electronic message or other indication that the

              transmission was unsuccessful.

11

12     **[X]      BY ELECTRONIC TRANSMISSION**: I electronically filed the

              above document(s) with the Clerk of the Court using the CM/ECF

13             system. The CM/ECF system will send notification of this filing to the

14             person(s) listed below.

15     Andrew O. Smith, Esq., SBN 246819

16     Michael F. Colbert, Esq., SBN 319539

       **PETTIT KOHN INGRASSIA LUTZ & DOLIN PC**

17     5901 W. Century Blvd., Suite 1100

18     Los Angeles, CA 90045

       Telephone: (310) 649-5772

19     Facsimile: (310) 649-5777

20     E-mail: aosmith@pettitkohn.com  &  mcolbert@pettitkohn.com

21     *Attorneys for Defendant* WALMART INC.

22

23     Executed on April 21, 2023, at Los Angeles, California.

24

25     _____

26     Elizabeth Sanchez

27

28

**1**

**DECLARATION OF IGOR FRADKIN, ESQ. IN SUPPORT OF MOTION FOR RECONSIDERATION**