UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                                              Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Melissa H. Kunig | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [81]**

Before the court is Plaintiff Monica Bee's ("Plaintiff") Motion for Reconsideration Regarding the Court's Order Granting Defendant's Motion for Summary Judgment ("Motion" or "Mot."). (Dkt. 81.) Defendant Walmart Inc. ("Defendant") opposes the Motion ("Opposition" or "Opp."). (Dkt. 83.) On May 11, 2023, Plaintiff filed a Reply ("Reply"). (Dkt. 84.) The court previously took the matter under submission. (Dkt. 87.) Based on the record, as applied to the applicable law, the court **DENIES** the Motion.

**I.    Legal Standard**

Under Federal Rule of Civil Procedure 59, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Under Federal Rule of Civil Procedure 60:

> [T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.: 2:21-cv-08919-FWS-MAR | Date: June 20, 2023 |
| Title: Monica Bee v. Walmart Inc., *et al.* | |

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Reconsideration is "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted); *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014). As a result, "[m]otions for reconsideration are disfavored and rarely granted." *Brown v. United States*, 2011 WL 333380, at *2 (C.D. Cal. Jan. 31, 2011). The court may grant a motion for reconsideration if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *William Morris Endeavor Ent., LLC v. Writers Guild of Am.*, 478 F. Supp. 3d 932, 938 (C.D. Cal. 2020) (quoting *Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)).

In the Central District of California, "motions for reconsideration are governed by Local Rule 7-18." *Milton H. Green Archives, Inc. v. CMG Worldwide, Inc.*, 568 F. Supp. 2d 1152, 1162 (C.D. Cal. 2008). Pursuant to Local Rule 7-18, a party may move for reconsideration of an order on any motion or application on the following grounds:

> (a) material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of a new material facts or a change of law

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                                         Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

---

occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L. R. 7-18.

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enter.*, 229 F.3d at 883). "In asking for a motion for reconsideration, a party may not merely urge the court to reconsider past arguments or present new arguments it failed to make prior to the issue of an order." *Sewchez Int'l Ltd. v. CIT Grp./Com. Servs., Inc.*, 2008 WL 11337382, at *2 (C.D. Cal. June 3, 2008).

## II. Discussion

The court briefly reviews the relevant background. On December 22, 2022, Defendant filed a motion for summary judgment against Plaintiff. (Dkt. 34.) On January 12, 2023, Plaintiff opposed Defendant's motion for summary judgment. (Dkt. 38.) The court held a hearing on this matter on February 2, 2023, and then took the matter under submission. (Dkt. 46.) On April 7, 2023, the court granted summary judgment in favor of Defendant. (Dkt. 77.)

On May 25, 2023, Plaintiff filed the Motion requesting that the court reconsider its Order granting summary judgment. (*See generally* Mot.) Plaintiff argues the Motion should be granted for the following reasons: (1) there is "new evidence" in the form of different portions of Ms. Ornelas's deposition testimony; (2) whether a floor is properly maintained is a question of fact for the jury; (3) Defendant had constructive and/or actual knowledge of the spill; (4) circumstantial evidence supports Plaintiff's claims; (5) constructive notice is a question of fact for the jury; and (6) the court should consider the opinions of Plaintiff's undisclosed expert witnesses because the failure to disclose was substantially justified or harmless. (Mot. at 8-18.)

Defendant argues Plaintiff has not presented any new evidence to the court and is simply relitigating the arguments previously raised at summary judgment. (Opp. at 1-13.) In particular, Defendant argues the deposition of Ms. Ornelas is not "new" and was known and

---

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:21-cv-08919-FWS-MAR                        Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

---

available to Plaintiff prior to filing Plaintiff's Opposition to Defendant's motion for summary judgment; Plaintiff's argument that Ms. Ornelas's declaration is a "sham affidavit" is unsupported; Plaintiff's argument that a Walmart associate had notice of the spill is mere speculation; and Plaintiff still fails to explain why Plaintiff's experts were not timely disclosed and even if the court considered their opinions, Plaintiffs' experts do not create an issue of material fact.  (*Id.*)

    The court finds Plaintiff has not sufficiently demonstrated any grounds for the court to reconsider its summary judgment Order.  *See William Morris*, 478 F. Supp. 3d at 938 (a court may grant a motion for reconsideration if it "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law") (quoting *Sch. Dist. No. 1J Multnomah Cty., Or.*, 5 F.3d at 1263).

    The court concludes Plaintiff relies on evidence and arguments previously addressed in the summary judgment Order and is attempting to "relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5 (2008) (citation omitted); *see also United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted) ("[A] party seeking reconsideration must show more than a disagreement with the Court's decision"). The court previously addressed each of Plaintiff's arguments in the summary judgment Order. (*See generally* Dkt. 77.)

    First, as for Plaintiff's argument that Ms. Ornelas's deposition constitutes "new evidence," (Mot. at 8-11), the court previously considered Ms. Ornelas's deposition testimony in ruling on Defendant's motion for summary judgment.  (*See, e.g.,* Dkt. 38-1.)

    Second, the court previously considered the evidence in the record and found that Plaintiff had not met her shifted burden of demonstrating a genuine issue of material fact as to whether Defendant had actual or constructive notice of the spill.  (*See* Dkt. 77 at 11-12.)  The record demonstrated that only five minutes and 47 seconds had elapsed between Ms. Ornelas's

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.: 2:21-cv-08919-FWS-MAR	Date: June 20, 2023
Title: Monica Bee v. Walmart Inc., *et al.*

inspection and the incident. (*Id.* at 10-11.) As stated in the court's prior Order, Plaintiff's evidence related to this time period is insufficient to create a genuine issue of material fact as to actual or constructive notice. (*Id.*) Nor does Plaintiff sufficiently address the case law cited by the court regarding the thirty-minute threshold for submitting questions of notice to a jury. (*See generally* Mot., Reply.)

Third, the court determined Plaintiff did not meet her shifted burden to demonstrate a genuine issue of material fact because the evidence cited to by Plaintiff—her deposition testimony—did not lead to the reasonable inference that Defendant admitted to knowledge of the spill. (Dkt. 77 at 11.) The court noted that in Plaintiff's deposition, Plaintiff herself described this inference of actual or constructive knowledge as "speculation." (*Id.*)

Fourth, as to Plaintiff's experts, the court did not consider their opinions based on their untimely disclosure but noted that even if Plaintiffs' experts had been timely disclosed, their opinions did not create a genuine issue of material fact as to Defendant's actual or constructive notice of the spill. (*Id.* at 4.)

In summary, the court finds Plaintiff has not adequately demonstrated any ground for reconsideration including newly discovered evidence, clear error by the court, the initial decision being manifestly unjust, or an intervening change in controlling law. *See Sch. Dist. No. 1J Multnomah Cty., Or.*, 5 F.3d at 1263; L. R. 7-18. Accordingly, the Motion is **DENIED**.

### III. Disposition

For the reasons stated above, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Initials of Deputy Clerk:  mku